AIJA B. VAN PATTEN *v.* PHILIP S. VAN PATTEN
(three cases)

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued June 6—decision released August 22, 1978

*Louis Parley,* for the appellant-appellee (plaintiff).

*Donald O'Brien* for the appellee-appellant (defendant).

*Robert I. Reardon, Jr.,* for the minor children.

PER CURIAM. The plaintiff appealed from a July 24, 1975 judgment dissolving the marriage of the parties and awarding custody of the children to the defendant. While that appeal was pending, the defendant appealed from a subsequent order entered on April 9, 1976, modifying custody and specifying

visitation rights. The two appeals were consolidated. Before argument on the consolidated appeal, a further hearing relating to custody was scheduled in the Superior Court, which resulted in further orders being entered on May 10, 1977. The defendant has also appealed from the May 10, 1977 modification of the judgment and this court, by order of July 5, 1977; *Van Patten* v. *Van Patten*, 173 Conn. 768, 374 A.2d 813; consolidated all the appeals and assigned them for hearing.

There is no claim that the judgment dissolving the marriage is in error. The central issue, in each proceeding, relates to the custody of the children.

In the first action, the referee, acting as a court, dissolved the marriage and awarded to the defendant father the custody of the three minor children, Marite, born June 29, 1959, Barbara, born October 30, 1963, and Erika, born January 4, 1968. The court noted in its memorandum of decision that neither party was without fault and that the "plaintiff made a good impression" and "appeared trustworthy as a custodian." In its conclusion, however, the court awarded the custody of the children to the defendant finding that "[t]he defendant is a fit person to have custody of his children, and he is able to offer them better opportunities and a fuller life."

Even were all the draft findings claimed by the plaintiff included in the court's finding, the court's ultimate conclusion is adequately supported. There is no error in the original judgment rendered on July 24, 1975.

The appeal taken by the defendant from the subsequent order regarding visitation of the children

with the defendant is fraught with confusion. The record contains only motions and orders. It appears that on March 19, 1976, the court granted to the plaintiff the custody of the two younger children, while custody of the older child was retained by the defendant pending receipt of psychiatric reports. The scheduling of various examinations and counseling sessions was referred to the family relations division. Visitation rights to each parent were included in the order. A separate order, dated the same day, awarded support payments to the plaintiff for the two younger daughters. On April 2, 1976, a motion was filed by the domestic relations officer to fix the parties' respective visitation rights to include overnight visitations. On April 9, 1976, the court modified the judgment, fixing visitation rights from April 10 to June 30, with the parties thereafter to consult with the family relations division on the question of summer visitations. It was from this particular order of April 9, 1976, that the defendant appealed to this court. Because the record is barren of any basis for the order appealed from, that appeal would ordinarily be sustained. However, in view of the fact that the trial court subsequently reviewed the entire case from the time of the original judgment to that of the actions considered in the third appeal, this appeal from the order concerning visitation rights during a portion of 1976 is rendered moot and is dismissed.

The third appeal is from a further judgment of the court granting the plaintiff custody of the three children subject to rights of reasonable visitation in the defendant and ordering the defendant to pay: (1) weekly support to the plaintiff for the two younger children; (2) $155 to the plaintiff for one half of the cost of the professional services of a

psychiatrist; (3) $500 in counsel fees to the plaintiff's attorney; and (4) $500 in counsel fees to counsel for the minor children.

The defendant claims that the court erred in granting custody of the oldest child, Marite, to the plaintiff. It is his contention that Marite, who was to be eighteen years old within two months of the order, was emancipated and hence not subject to custody. This claim is without merit. Although the evidence reveals that Marite was working and earning wages, such evidence does not necessarily establish emancipation. Rather, this is a question for the court; *Wood* v. *Wood,* 135 Conn. 280, 285, 63 A.2d 586; and the court acted well within its discretion in determining otherwise.

The defendant claims that the court erred in considering evidence of the circumstances surrounding this case since the date the original judgment was rendered. It is clear that the court orders of April, 1976, were made subject to a psychiatric evaluation ordered by the court and a further evaluation by the domestic relations division. They were intended to be of a temporary nature, albeit controlling, until modified. Under these circumstances, particularly in light of the fact that no record exists delineating the circumstances which prevailed at the time of the previous order, the court was not in error in reviewing the entire case from the time of the first appeal. See *Simons* v. *Simons,* 172 Conn. 341, 348, 374 A.2d 1040.

The award for a portion of the psychiatric fees was not in error in view of the previous court order that a psychiatric examination be made. See *Stoner* v. *Stoner,* 163 Conn. 345, 357, 307 A.2d 146.

The award of counsel fees is attacked by the defendant, not on the grounds of the reasonableness of the amount ordered or the propriety of paying a legal clinic operated by a law school, but on the narrow grounds that the plaintiff received free legal services and that the court did not, in any case, adequately consider the defendant's ability to pay. The defendant points to no finding of fact or offer of proof that the plaintiff did not pay for legal services, nor does the record support the claim that the court did not consider the needs of the plaintiff and the ability of the defendant. The finding adequately supports the court's award.

As to the merits of the custody order, the finding of facts abundantly supports the conclusions reached by the court that the circumstances had changed sufficiently since the dissolution and the previous custody order to warrant issuance of a new order granting the plaintiff custody of the three children.

There is no error in the first appeal.

The second appeal is dismissed.

There is no error in the third appeal.