## MARY JANE JONES *v.* CHARLES EDWARD JONES
## (11036)

PETERS, C. J., SHEA, SANTANIELLO, CALLAHAN and MORAGHAN, Js.

Argued February 11—decision released April 1, 1986

*Dennis G. Ciccarillo,* for the appellant (defendant).

*Christopher C. Noble,* for the appellee (plaintiff).

PETERS, C. J. The only issue in this appeal is the scope of the statute that permits the Superior Court to exercise personal jurisdiction over a nonresident defendant with regard to the support of children. The trial court rendered a decree of divorce on a complaint filed by the plaintiff, Mary Jane Jones, without then having personal jurisdiction over the defendant, Charles Edward Jones. Ten years later, when the defendant had been served with actual notice of the pendency of a motion to open and modify the judgment,

the court amended its judgment to order the defendant to make periodic child support payments to the plaintiff, Mary Jane Jones, and to provide medical insurance for the benefit of their child. The defendant appeals from this judgment.

The underlying facts are undisputed. In 1966, the plaintiff married the defendant in New Britain, Connecticut. In December of that year, the plaintiff gave birth to a daughter. Shortly thereafter the couple separated. The plaintiff remained in Connecticut with the child while the defendant left the state without informing the plaintiff of his destination.

In 1970, still ignorant of the defendant's whereabouts, the plaintiff initiated divorce proceedings in Connecticut Superior Court. The court made several unsuccessful attempts to notify the defendant of the pendency of the action.[1] Having determined that further efforts to contact the defendant would be futile, the court held a full hearing, and, pursuant to General Statutes (1958 Rev.) § 46-17,[2] on February 24, 1971, rendered a judgment declaring the parties divorced. In the defendant's absence, the court awarded custody of the minor child to the plaintiff but made no order concerning child support.

---

[1] The court attempted to inform the defendant of the pendency of the action by publishing notification in *The Hartford Times* for two successive weeks.

[2] "[General Statutes (1958 Rev.)] Sec. 46-17. ORDER OF NOTICE. WHEN COMPLAINT MAY BE CONTINUED. On a complaint for divorce when the adverse party resides out of or is absent from the state or the whereabouts of the adverse party is unknown to the plaintiff, any judge or clerk of the supreme court of errors or of the superior court or any county commissioner may make such order of notice as he deems reasonable. Such notice having been given and proved to the court, such court may hear such complaint if it finds that the defendant has actually received notice that the complaint is pending, and, if it does not appear that the defendant has had such notice, the court may hear such case, or, if it sees cause, order such further notice to be given as it deems reasonable and continue the complaint until the order is complied with."

This statute was the predecessor of General Statutes § 46b-46 (a).

In 1981, after having located the defendant in Oregon, the plaintiff moved that the trial court reopen the 1971 judgment and order the defendant to pay child support. The trial court scheduled a hearing on the motion and ordered that the defendant be notified. An Oregon court officer served notice upon the defendant, who then filed a motion to dismiss for lack of jurisdiction to grant the plaintiff's request. The trial court, *Covello, J.,* denied the motion, finding that the relevant long-arm statute, General Statutes § 46b-46,[3] permitted the court to exercise jurisdiction and that the court's assertion of jurisdiction did not violate the defendant's constitutional rights. On September 22, 1981, the court, *Bernstein, J.,* modified the 1971 judgment to require the defendant to pay the plaintiff $40 per week in child support and to maintain medical insurance for his child. This order was prospective only and did not compel the defendant to reimburse the plaintiff for expenses previously incurred in support of the child.

On appeal, the defendant claims that the trial court erred in construing General Statutes § 46b-46 to afford

[3] "[General Statutes] § 46b-46. . . . NOTICE TO NONRESIDENT PARTY. JURISDICTION OVER NONRESIDENT FOR ALIMONY AND SUPPORT. (a) On a complaint for dissolution, annulment or legal separation, if the defendant resides out of or is absent from the state or the whereabouts of the defendant is unknown to the plaintiff, any judge or clerk of the supreme court or of the superior court may make such order of notice as he deems reasonable. After notice has been given and proved to the court, the court may hear the complaint if it finds that the defendant has actually received notice that the complaint is pending. If it does not appear that the defendant has had such notice, the court may hear the case, or, if it sees cause, order such further notice to be given as it deems reasonable and continue the complaint until the order is complied with.

"(b) The court may exercise personal jurisdiction over the nonresident party as matters concerning temporary or permanent alimony or support of children, only if: (1) The nonresident party has received actual notice under subsection (a) of this section; and (2) the party requesting alimony or support of children meets the residency requirement of section 46b-44; and (3) this state was the domicile of both parties immediately prior to or at the time of their separation."

the court statutory authorization to exercise personal jurisdiction over him in 1981. He contends that, by virtue of the notice requirement of § 46b-46 (b), a court's lack of personal jurisdiction at the time of the rendering of a decree of dissolution of marriage constitutes a noncurable deficiency that forever precludes personal jurisdiction to modify the decree to impose a support obligation. We disagree.

Our analysis of the defendant's argument can usefully begin by clarifying what is not at issue in this case. The plaintiff does not claim that the defendant had notice of the divorce proceedings in 1971 or that, absent such notice, the court then had the authority to order the defendant to support his child. See *Robertson* v. *Robertson,* 164 Conn. 140, 144, 318 A.2d 106 (1972); *Carter* v. *Carter,* 147 Conn. 238, 241, 159 A.2d 173 (1960); *Beardsley* v. *Beardsley,* 144 Conn. 725, 726, 137 A.2d 752 (1957). The defendant does not challenge the validity of the divorce decree itself. See *LaBow* v. *LaBow,* 171 Conn. 433, 439, 370 A.2d 990 (1976); *Mazzei* v. *Cantales,* 142 Conn. 173, 176, 112 A.2d 205 (1955). In contesting the court's jurisdiction to order him now to make child support payments, the defendant relies solely on the terms of § 46b-46 (b), whose constitutionality he does not challenge. With respect to § 46b-46 (b), finally, the defendant concedes that the plaintiff has satisfied the statute's requirements concerning residency and domicile, and that he received actual notice of the pending modification.

What is at issue is the construction to be afforded to § 46b-46 (b) which allows a court, in matrimonial matters, to "exercise personal jurisdiction over the nonresident party as [to] matters concerning . . . support of children, only if: (1) The nonresident party has received *actual notice under subsection (a)* of this section." (Emphasis added.) Subsection (a) confers jurisdiction upon a court to deal with complaints for

dissolution, annulment or legal separation when the defendant is a nonresident or his whereabouts are unknown. Subsection (a) describes the procedures that are to be followed to give such a nonresident party actual notice of the pending proceedings, and authorizes the court to hear the complaint either if the nonresident party has received such notice or if a reasonable effort to afford him notice has been made. The defendant maintains that the reference in subsection (b) to "actual notice under subsection (a)" necessarily means notice within the time frame of subsection (a), so that the statute authorizes support orders only in conjunction with dissolution orders that follow upon a court's determination that a nonresident defendant has received actual notice. Although this is one possible construction of the reference to subsection (a), we are not persuaded that it is the correct one.

Although we have not previously had the occasion to examine § 46b-46 (b) (1), we must take as our point of departure the well established principle that stautes providing for parental support and maintenance of minor children are to be broadly construed. See *Guille* v. *Guille,* 196 Conn. 260, 266, 492 A.2d 175 (1985); *Faraday* v. *Dube,* 175 Conn. 438, 443, 399 A.2d 1262 (1978). The legislature has conferred upon courts the power to provide for the support of children, not only when a decree of dissolution is entered, but at any time. See General Statutes §§ 46b-56, 46b-84 and 46b-86; see *Van Patten* v. *Van Patten,* 176 Conn. 29, 404 A.2 879 (1978); *Yates* v. *Yates,* 155 Conn. 544, 235 A.2d 656 (1967); *Krasnow* v. *Krasnow,* 140 Conn. 254, 99 A.2d 104 (1953); *Bailey* v. *Mars,* 138 Conn. 593, 600, 87 A.2d 388 (1952); *Lilley* v. *Lilley,* 125 Conn. 339, 343, 5 A.2d 849 (1939); *Kelsey* v. *Green,* 69 Conn. 291, 298, 37 A. 679 (1897). This court has only recently held that § 46b-86 (a), which permits a divorce decree to contain a nonmodification clause, was not intended to change

the common law rule that precluded divorcing parents from enforcing contractual limits upon their children's ongoing right to parental support. *Guille* v. *Guille,* supra, 266–67. In light of this history of statutory construction, it is appropriate for us to assume that, in enacting a long-arm statute with respect to family matters, the legislature intended to exercise its full constitutional power, limited only by the constraints of due process, over nonresidents being sued for nonsupport of their children. See *Frazer* v. *McGowan,* 198 Conn. 243, 249, 502 A.2d 905 (1986); *Lombard Bros., Inc.* v. *General Asset Management Co.,* 190 Conn. 245, 250, 460 A.2d 481 (1983); see also *World-Wide Volkswagen Corporation* v. *Woodson,* 444 U.S. 286, 297, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980); *Kulko* v. *California Superior Court,* 436 U.S. 84, 92, 97–98, 98 S. Ct. 1690, 56 L. Ed. 2d 132 (1978); *Shaffer* v. *Heitner,* 433 U.S. 186, 97 S. Ct. 2569, 53 L. Ed. 2d 683 (1977); *Hanson* v. *Denckla,* 357 U.S. 235, 251, 253, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 (1958); *International Shoe Co.* v. *Washington,* 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945).

From this perspective, we conclude that the defendant has read § 46b-46 (b)'s reference to "actual notice under subsection (a)" too narrowly. That requirement does not necessarily imply a linkage between the timing of a dissolution decree and an order for child support. It is more likely that the legislature intended by the reference to interpolate into subsection (b) the procedural rules for notification that are contained in subsection (a). Needing to provide instructions for the manner in which notice should be given to a nonresident defendant against whom a nonsupport claim is pending, the legislature intended to incorporate by reference the applicable rules already set out in subsection (a) for complaints for dissolution, annulment or legal separation. Such a construction finds support in the legislative history of § 46b-46 (b), which was

enacted in order to "benefi[t] spouses and children . . . who are residents of Connecticut." 18 S. Proc., Pt. 3, 1975 Sess., p. 1477 (remarks of Senator David H. Neiditz).[4] The defendant's proposed construction, which would reward a nonresident defendant for having successfully eluded a process server at the time of a dissolution action, would frustrate this legislative purpose.

While it is true that the legislature has enacted a number of statutes designed to provide access to support for Connecticut children, the existence of theoretically available alternate remedies for the plaintiff is no reason to construe § 46b-46 (b) narrowly. In light of the past history of the relationship between the parties, it is fanciful to suggest that the plaintiff can rely on General Statutes § 46b-61 or 46b-84, which depend upon finding the defendant in this state. Recourse to the Uniform Reciprocal Enforcement of Support Act; General Statutes § 46b-180 et seq.; would impose upon the plaintiff the burden of pursuing the defendant in Oregon. In any event, that act specifically states that "[t]he remedies [therein] provided are in addition to and not in substitution for any other remedies." General Statutes § 46b-181. None of these statutes in any way evidences a legislative intention to foreclose modification

---

[4] During Senate proceedings in 1975 that led to the enactment of § 46b-46 (b), Senator David H. Neiditz indicated that the bill was patterned after a similar Illinois statute then in force. 18 S. Proc., Pt. 3, 1975 Sess., p. 1477. That statute provided that: "Irrespective of whether the court has or has not in its decree made an order for the payment of alimony or support it may at any time after the entry of a decree for divorce, upon obtaining jurisdiction of the person of the defendant by service of summons or proper notice, make such order for alimony and maintenance of the spouse and the care and support of the children as, from the evidence and nature of the case, shall be fit, reasonable and just . . . ." Ill. Rev. Stat., c. 40, § 19 (1975); see *Gill* v. *Gill,* 56 Ill. 2d 139, 306 N.E.2d 281 (1973) (court that lacked personal jurisdiction over defendant when it granted divorce decree validly ordered defendant to pay child support when it subsequently gained personal jurisdiction over him).

of a divorce decree once personal jurisdiction has been obtained over a nonresident parent.

In holding that § 46b-46 (b) permits the court to modify a dissolution judgment to require a nonresident defendant to pay child support if the nonresident had actual notice of the modification proceedings, we reach a result that is consistent with that reached by courts that have faced similar questions in other jurisdictions. See *Gill* v. *Gill,* 56 Ill. 2d 139, 306 N.E.2d 281 (1974); *Kelley* v. *Kelley,* 317 Ill. 104, 147 N.E. 659 (1925); *Effland* v. *Effland,* 171 Kan. 657, 237 P.2d 380 (1951); *Kaestner* v. *Kaestner,* 228 Mo. App. 1043, 58 S.W.2d 494 (1933); *Lam* v. *Lam,* 86 Nev. 908, 478 P.2d 146 (1970); see also *Wiles* v. *Wiles,* 211 Or. 163, 315 P.2d 131 (1957); but see *Hutton* v. *Dodge,* 58 Utah 228, 231, 198 P. 165 (1921). The defendant has cited no recent case to the contrary, and we have discovered none. The trial court's order of modification in this case was authorized by our statute.

There is no error.

In this opinion the other judges concurred.

