EUGENE J. ST. HILAIRE *v.* PATRICIA ST. HILAIRE

SUPERIOR COURT          JUDICIAL DISTRICT OF          FILE No. 299566
                             NEW HAVEN

Memorandum filed August 21, 1990

No appearance for the plaintiff.

*Hitt, Sachner, Coleman & Hecht,* for the defendant.

FREDERICK A. FREEDMAN, J. The marriage between the parties was ended by a judgment of divorce nisi, entered in a Massachusetts Probate Court on February 28, 1983. Both parties were residents of and domiciled in Massachusetts at the time. The Massachusetts decree, incorporating a stipulation between the parties, awarded custody of the minor children to the defendant with reasonable rights of visitation to the plaintiff. The plaintiff was ordered to pay child support.

Since the date of the divorce, the plaintiff has continued to reside in Massachusetts. In October, 1986, the defendant moved to Connecticut with the minor children. She maintains her residence and domicile in this state.

The Massachusetts Probate Court modified the judgment in October, 1988, increasing the plaintiff's child support obligations, and again in April, 1990, clarifying the visitation rights of the plaintiff and ordering the parties to transport the minor children to and from a specified location in Connecticut for visitation purposes.

The defendant asserts that, in addition to picking up the children in Connecticut, and returning them here, the plaintiff has also entered this state to attend the children's dance recitals, graduations, school and sports activities.

On May 15, 1990, pursuant to General Statutes § 46b-71, the defendant registered in Connecticut, the Massachusetts judgment of divorce. On May 23, 1990, the defendant filed a motion to modify the child support orders contained in that judgment. On May 30, 1990, the court, *F. Freedman, J.*, entered an order for hearing and notice requiring the defendant to give notice to the plaintiff of the pendency of the motion

to modify and of the time and the place it would be heard. On June 6, 1990, a Massachusetts sheriff made in-hand service of the motion to modify on the plaintiff at his home in Marlboro, Massachusetts.

On June 19, 1990, a hearing on the defendant's motion was held. The plaintiff did not appear at that hearing. The defendant's attorney reported to the court that she had spoken with the plaintiff, who had indicated that he would not be appearing because, he claimed, the Connecticut courts lacked personal jurisdiction over him.

This court reserved decision on the motion for modification pending determination of this jurisdictional issue and directed the defendant's attorney to submit a brief on the issue of this court's in personam jurisdiction over the nonresident plaintiff.

The defendant in her memorandum of law argues that General Statutes § 46b-46, setting forth the criteria for exercising jurisdiction over nonresident defendants in divorce actions, is limited to divorce actions and, hence, is inapplicable to actions brought pursuant to § 46b-70 et seq. She asserts that, if it is assumed that § 46b-71 is a long-arm statute, once a foreign judgment is registered in this state, it becomes a decree of the courts of this state and necessarily acquires the concomitant jurisdiction that the court rendering the decree originally enjoyed. The defendant also asserts that such jurisdiction falls within the concept of "continuing" jurisdiction, which has been recognized in Connecticut and in Massachusetts, although she points out that the cases applying that concept involve modification of judgments by courts sitting in the same state as the courts that rendered the underlying judgments. She asserts that in light of § 46b-70 et seq., the concept of continuing jurisdiction and the public policy recognized in Connecticut regarding the liberal con-

struction of statutes providing for the support and maintenance of children, this court may exercise personal jurisdiction over the plaintiff. The defendant further argues that the exercise of such jurisdiction is in accord with constitutional due process considerations. She asserts that the plaintiff's contacts with this state (1) in attending his children's school, recreational and sports activities and (2) in transporting the children, into and out of Connecticut when exercising his right to visitation, constitute sufficient minimum contacts with this state. She additionally contends that such contacts justify a reasonable expectation that postjudgment proceedings concerning the support of his children will be litigated in this state. The defendant contends that this court's exercise of personal jurisdiction is proper and that the motion for modification should not be dismissed.

An order to pay money or child support is a judgment in personam. *LaBow* v. *LaBow,* 171 Conn. 433, 438, 370 A.2d 990 (1976). Thus, such an order requires that the court have personal jurisdiction over the defendant. Id.; see also *Smith* v. *Smith,* 150 Conn. 15, 18, 183 A.2d 848 (1962).

Mere notice of an action is not sufficient to confer personal jurisdiction over a nonresident defendant. *Goldstein* v. *Fisher,* 200 Conn. 197, 201, 510 A.2d 184 (1986). Personal jurisdiction over a nonresident defendant requires statutory authorization. Id.; see also *Jones* v. *Jones,* 199 Conn. 287, 290–91, 507 A.2d 88 (1986).

The court in *Jones* addressed the applicability of General Statutes § 46b-46 to postjudgment modification proceedings in Connecticut pertaining to a Connecticut divorce judgment. The defendant in *Jones* argued that § 46b-46 applied only to dissolution actions and that, in the absence of jurisdiction under § 46b-46 at

the time of the underlying action, jurisdiction in modification proceedings could not attach on the basis of that statute.

In rejecting the defendant's argument, the *Jones* court reviewed the various alternate remedies available to provide for the support of minor children and held that "[t]he legislature has conferred upon courts the power to provide for the support of children, not only when a decree of dissolution is entered, but at any time. See General Statutes §§ 46b-56, 46b-84 and 46b-86 . . . ." (Citations omitted.) Id., 291. The court then stated that long-arm statutes respecting family matters demonstrate a legislative intent to "exercise its full constitutional power, limited only by the constraints of due process, over nonresidents being sued for non-support of their children." Id., 292. Discussing the various alternate remedies available, including General Statutes §§ 46b-46, 46b-61, 46b-84, 46b-180, the court stated that "[n]one of these statutes in any way evidences a legislative intention to foreclose modification of a divorce decree *once personal jurisdiction has been obtained* over a nonresident." (Emphasis added.) Id., 293–94.

The defendant here has registered the Massachusetts divorce judgment under General Statutes § 46b-71, which provides: "Filing of foreign matrimonial judgment; enforcement in this state. (a) Any party to an action in which a foreign matrimonial judgment has been rendered, shall file, with a certified copy of the foreign matrimonial judgment, in the court in this state in which enforcement of such judgment is sought, a certification that such judgment is final, has not been modified, altered, amended, set aside or vacated and that the enforcement of such judgment has not been stayed or suspended, and such certificate shall set forth the full name and last-known address of the other party to such judgment.

"(b) Such foreign matrimonial judgment shall become a judgment of the court of this state where it is filed and shall be enforced and otherwise treated in the same manner as a judgment of a court in this state; provided such foreign matrimonial judgment does not contravene the public policy of the state of Connecticut. A foreign matrimonial judgment so filed shall have the same effect and may be enforced or satisfied in the same manner as any like judgment of a court of this state and is subject to the same procedures for modifying, altering, amending, vacating, setting aside, staying or suspending said judgment as a judgment of a court of this state; provided, in modifying, altering, amending, setting aside, vacating, staying or suspending any such foreign matrimonial judgment in this state the substantive law of the foreign jurisdiction shall be controlling."

Relying on *Jones* and the recognition in that case that statutes providing for the support of minor children should be liberally construed, the defendant asserts that § 46b-71 provides the statutory basis for the assertion of personal jurisdiction over the nonresident plaintiff.

Section 46b-71, however, neither contains a long-arm provision to reach the plaintiff in Massachusetts nor confers a cause of action in and of itself. Personal jurisdiction must be obtained or be obtainable in Connecticut notwithstanding that registration under statute requires Connecticut courts to treat the foreign divorce decree as a Connecticut decree.

In addressing the purposes of this statute the court in *Rule* v. *Rule,* 6 Conn. App. 541, 545, 506 A.2d 1061, cert. denied, 201 Conn. 801, 513 A.2d 697 (1986), held that "[t]he purpose of General Statutes § 46b-70 and [§ 46b-71] is to prevent a defendant from avoiding the execution of a valid and enforceable judgment by fleeing

the jurisdiction. See 20 S. Proc., Pt. 7, 1977 Sess., pp. 2907–2911; 20 H.R. Proc., Pt. 7, 1977 Sess., pp. 2942–44." Section 46b-71 allows a party to *follow* a person who has fled the original decree rendering forum. The plaintiff has not fled the jurisdiction of Massachusetts, rather, it is the defendant who has left that jurisdiction.

Even if the court assumes that § 46b-71 is a long-arm statute pursuant to which personal jurisdiction may be asserted by Connecticut courts, such assertion of jurisdiction must still comply with federal constitutional requirements of due process. *Standard Tallow Corporation* v. *Jowdy,* 190 Conn. 48, 51, 459 A.2d 503 (1983) (all assertions of state court jurisdiction must be evaluated according to minimum contacts test).

The due process clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful " 'contacts, ties, or relations.' " *Burger King Corporation* v. *Rudzewicz,* 471 U.S. 462, 471–72, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1984), quoting *International Shoe Co.* v. *Washington,* 326 U.S. 310, 319, 66 S. Ct. 154, 90 L. Ed. 95 (1945). The constitutional touchstone is whether the defendant purposefully established minimum contacts in the forum state. *Burger King Corporation* v. *Rudzewicz,* supra, 474. The defendant's conduct and connection with the forum state must be such that he should reasonably anticipate being haled into court there. Id. In defining when it is that a potential defendant should reasonably anticipate out-of-state litigation the court stated: " 'The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State. The application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the

privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.' " Id., 474–75, quoting *Hanson* v. *Denckla,* 357 U.S. 235, 253, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 (1958).

Relying upon the rationale of *Hanson,* the court, in *Kulko* v. *California Superior Court,* 436 U.S. 84, 98 S. Ct. 1690, 56 L. Ed. 2d 132, reh. denied, 438 U.S. 908, 98 S. Ct. 3127, 57 L. Ed. 2d 1150 (1978), held that the exercise of in personam jurisdiction in an action to modify a divorce judgment over a nonresident, non-domiciliary parent of minor children domiciled in California would violate the due process clause of the fourteenth amendment. Id., 86.

The *Kulko* case involved a plaintiff's attempt to get modification jurisdiction in California over the defendant, a New York resident, by registering the foreign divorce decree dissolving their marriage under California law, which then treated the decree as a California judgment. See id., 80. The court rejected, inter alia, the argument that the husband's acquiescence in the child's desire to live with the mother in California conferred jurisdiction over the husband. Id., 88–89. The court then noted that a father who agrees in the interest of family harmony and his children's preferences to allow them to spend more time in California than was required under the separation agreement [which was incorporated into the judgment] can hardly be said to have purposefully availed himself of the benefits and protections of California law. Id. The court also noted that personal jurisdiction over the husband could not be based upon the mother's residence in the state as such a basis would "discourage parents from entering into reasonable visitation agreements . . . [and] could arbitrarily subject one parent to suit in any State of the Union where the other parent chose to spend time while having custody of their [children] . . . ." Id., 93.

It is the opinion of this court that the plaintiff lacks sufficient minimum contacts with Connecticut by which he can be said to have purposefully availed himself of the benefits of its law and that the unilateral activities of the defendant cannot confer personal jurisdiction over the plaintiff in Connecticut.

A construction of § 46b-71 that would confer the same personal jurisdiction of the decree rendering state upon Connecticut courts would violate fundamental due process requirements and the minimum contacts standard as defined by the United States Supreme Court. Accord *Garlitz* v. *Rozar,* 18 Ariz. App. 94, 500 P.2d 354 (1972).

Accordingly, the defendant's motion for modification is dismissed for lack of personal jurisdiction over the nonresident plaintiff.