[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case raises one primary issue.
1. Whether this court has jurisdiction to enter orders of child support when: a) Defendant — husband lives in New Jersey while the plaintiff — wife and child live in Connecticut; b) Defendant brought action for dissolution of marriage in New Jersey, Plaintiff brought action for dissolution in Connecticut; c) Defendant visits the child in Connecticut on a frequent basis; d) New Jersey court, while maintaining jurisdiction over the dissolution, dismissed the custody and support issues on the basis of "forum non conveniens"; and e) Defendant consented to Connecticut court maintaining jurisdiction over custody and visitation issues.
Christopher Howe, the defendant, and Mary Sue Howe, the plaintiff, were married in Connecticut on July 24, 1984. They had one child, Christopher Howe, Jr. on October 19, 1985.
Mr. and Mrs. Howe and child resided in New Jersey from May CT Page 4561 5, 1987 to March 24, 1990. The parties separated in March of 1990. Mrs. Howe moved, with Christopher, to Connecticut where she has since resided. Mr. Howe remained in New Jersey.
Defendant brought an action for dissolution of his marriage in New Jersey on July 5, 1990. Plaintiff filed for divorce in Connecticut on July 19, 1990.
Defendant voluntarily comes to Enfield, Connecticut to visit his child. On July 20, 1990, during one of these visits, defendant was personally, in hand, served notice of his wife's action by a State of Connecticut Sheriff.
On August 27, 1990, defendant's attorney filed a general appearance on behalf of defendant in Connecticut Superior Court. On September 4, 1990, defendant filed motions to strike the complaint and prayer for relief. Finally on October 3, 1990, plaintiff filed a motion for stay of the Court's ruling on its jurisdiction of the custody issue, while plaintiff petitioned the New Jersey court not to accept jurisdiction of the custody issue between the parties in the New Jersey action. This court granted the stay on October 9, 1990.
On December 31, 1990, the New Jersey court enjoined plaintiff from pursuing her action for dissolution of marriage in Connecticut. The New Jersey court declined jurisdiction over the custody, visitation and support issues on the basis of "forum non conveniens".
The parties consented to this court's jurisdiction over the custody and visitation issues. The remaining question is whether this court has jurisdiction over child support absent defendant's specific consent.
In order for this court to hear and determine the issue of child support in this case, this court must have jurisdiction over the subject matter, the parties and the process. Labow v. Lawbow, 171 Conn. 433, 440 (1976).
I. SUBJECT MATTER JURISDICTION
In order for a court to have subject matter jurisdiction over a particular dissolution action, statutory provisions must provide the court with jurisdiction and give the requirements for jurisdiction. Broaca v. Broaca, 181 Conn. 463 (1980); See also, Dunham v. Dunham, 97 Conn. 440, 446 (1922) ("there is no subject matter jurisdiction unless a statute provides for it.")
Connecticut General Statutes, 46b-61, 46b-56, and 46b-93, when read together, grant the court subject matter jurisdiction CT Page 4562 over child support issues when the court is also hearing the custody issue.
Connecticut General Statute 46b — 93 allows the court to have jurisdiction over the custody issue on the basis that:
 another state has declined to exercise jurisdiction [over custody] as this state is the more appropriate forum to determine the custody of the child and it is in the best interest of the child that this court assume jurisdiction.
Because the court has jurisdiction over custody, 46b-56
allows the court to have custody over the child support issues as well. Connecticut General Statute 46b-56 states:
 in any controversy before the superior court as to the custody or care of minor children . . . the court may make any proper order regarding the . . . support of the children.
Finally, 46b-61 allows the court to hear child support issues, where the parents live in different states if at least one parent lives in Connecticut. Connecticut General Statute46b-61 states:
 in all cases in which the parents of a minor child live separately, the superior court for the judicial district where the parties or one of them resides may . . . make any order as to the . . . support of any minor child of the parties, subject to the provisions of section(s) . . . 46b-56.
This court has subject matter jurisdiction over the child support issue in this case.
II. PERSONAL JURISDICTION OVER THE DEFENDANT
A. Long-Arm Statute
It is a well-known rule, that before a court can enforce an order of child support against a party, that court must have personal jurisdiction over the party. Labow v. Labow, 171 Conn. 433
(1976); Smith v. Smith, 150 Conn. 15 (1962); Carter v. Carter, 147 Conn. 238 (1960). Connecticut General Statute 46b-46
provides the requirements that must be met before the court may exercise personal jurisdiction over a nonresident in child support matters:
 the court may exercise personal jurisdiction over a nonresident party . . . only if: (1) the CT Page 4563 nonresident party has received actual notice . . . (2) the party requesting . . . support of the children meets the residency requirement of section 46b-44 [three years]; and (3) this state was the domicile of both parties immediately prior to or at the time of their separation.
In this case, although the defendant concedes that he received actual notice pursuant to requirement, (1) plaintiff does not meet the residency requirement of three year pursuant to requirement, (2) and this state was not the domicile of both parties immediately prior to or at the time of their separation.
Plaintiff argues that the 46b-46(b) requirements do not apply in this case. Plaintiff contends that the 46b-46(b) long arm statute is to be read in conjunction with 46b-46(a) and therefore only applies to complaints for dissolution, annulment or legal separation. Her amended complaint is not for a dissolution or, annulment or legal separation. Rather, her complaint is for Orders re children where parents live separately pursuant to Connecticut General Statute 46b-61.
This argument is in error. The Connecticut Supreme Court made clear in Jones v. Jones, 199 Conn. 287 (1986) that the46b-46(b) long arm statute applies to alimony and child support matters, whether brought under an action for dissolution, annulment, legal separation or otherwise. The court stated: "the legislature has conferred upon courts the power to provide for the support of children, not only when a decree of dissolution is entered, but at any time" and that there is no "linkage" between section (a) and (b). Id. at 292 -293. Therefore, the long arm statute 46b-46(b) applies in any action concerning alimony or child support, not only in actions concerning dissolution, annulment or legal separation. Id. See also, St. Hilaire v. St. Hilaire, 41 Conn. Sup. 429 (the defendant's argument that 46b-46(b) applies only to dissolution actions is in error).
As this case is an action for child support, Connecticut General Statute 46b-46(b) governs this case and the court does not have jurisdiction pursuant to requirement (1) and (2).
However, it is well-recognized that any defects found in personal jurisdiction pursuant to 46b-46(b) can be waived by defendant filing a general appearance. Labow v. Labow, 171 Conn. 433,441 (1976); Baker v. Baker, 166 Conn. 476, 485 (1974); Beardsley v. Beardsley, 144 Conn. 725, 730 (1958). The appearance can be deemed "filed" either by the filing of a formal appearance form by defendant's counsel on behalf of defendant or by the "conduct" of defendant "seeking, taking, or agreeing to some step or proceeding in the cause . . . other than one CT Page 4564 contesting jurisdiction only". Beardsley, 144 Conn. at 730.
In this case defendant's attorney filed a formal appearance on behalf of defendant on August 27, 1990. Additionally, defendant pursued a motion to strike for the plaintiff's failure to file a custody affidavit pursuant to statute and for lack of subject matter jurisdiction. And defendant did not "file a special appearance raising any claim of lack of jurisdiction over his person". Id. Therefore, this court finds defendant waived any defects of the courts personal jurisdiction over him pursuant to 46b-46(b) by filing a formal general appearance on August 27, 1990 and by continuing the proceedings with defendant's motions to strike.
B. Due Process
Not only must the court have personal jurisdiction pursuant to a long-arm statute or waiver of that jurisdiction but all assertions of state court jurisdiction must comply with federal constitutional requirements of due process. Standard Tallow Corporation v. Jowdy, 190 Conn. 48, 51 (1983); St. Hilaire v. St. Hilaire, 41 Conn. Sup. 429, 435 (1990).
The United States Supreme Court recently held that "service of process over a physically present nonresident, confers state-court jurisdiction over that resident, regardless of whether he was only briefly in the state or whether the cause of action is related to his activities there" and is not violative of the nonresident's due process rights. Burnham v. Superior Court of California, 110 S.Ct. 2105 (1990). In Burnham, defendant, a New Jersey resident, "visited southern California on business" then went to the San Francisco Bay area, where his wife lived, to visit his children. He took his children to San Francisco for the weekend and upon his return to the wife's residence he was served with a summons and divorce petition. The Supreme Court found that because defendant was present in the forum state and personally served with the process, California's claim of "personal jurisdiction" was valid and did not violate defendant's 14th amendment due process rights.
The present case is analogous. In the present case defendant went to Enfield, Connecticut, where the wife resides, to visit his son. While at his wife's residence, he was personally served with a petition for divorce on July 20, 1990. Defendant concedes he was personally served in the state of Connecticut. In accordance with the Supreme Court's decision in Burnham, this court's claim of personal jurisdiction over defendant is not violative of the defendant's due process rights.[1]
CT Page 4565
III. PROCESS
Finally, there must not have been an abuse in the way process was served on defendant, or Connecticut cannot exercise jurisdiction in this case. "In Connecticut, as in other states, the court will not exercise jurisdiction in a civil case which is based upon service of process on a defendant who has been decoyed, enticed or induced to come with in the court's jurisdiction by any false representation, deceitful contrivance or wrongful device for which plaintiff is responsible". Siro v. American Express Co., 99 Conn. 95, 98 (1923); Babouder v. Abdennur, 41 Conn. Sup. 258, 262 (1989).
This rule does not apply, however, "when the defendant enters the state on his own, even if the plaintiff and his agents then engage in trickery to make service of process". Siro,99 Conn. at 99-100; Babouder, 41 Conn. Sup. at 262. In Babouder, defendant, a nonresident of Connecticut, desired to see his daughter who resided in Connecticut with his wife. When he contacted his wife he was told that he would have to arrange the visit through the plaintiff's attorney. The attorney told defendant to come to her office in Connecticut to make the arrangements. When he arrived the sheriff served him with a divorce petition. Because the defendant voluntarily came to Connecticut, and the attempt to serve him did not take place until after he arrived, the court held that this method of service was not an abuse of process. Babouder,41 Conn. Sup. at 262.
Similarly in Siro, 99 Conn. at 100, defendant voluntarily subjected himself and his property to service of process in Connecticut, by engaging in business in Connecticut, and could not complain of abuse of process when the plaintiff was able to serve process on defendant in Connecticut.
In the present case, defendant voluntarily came to Connecticut on numerous occasions to visit his son. Because he voluntarily came into the state of Connecticut he could not then claim abuse of process when he was served in Connecticut.
This court finds that there has been no abuse of process in this case.
This court finds that the requirements of: subject matter jurisdiction, jurisdiction over the parties and no abuse of process have been met in this case. Therefore, this court has jurisdiction to hear the issue of child support and order payment of attorney's fees in this matter pursuant to Connecticut General Statute 46b-46(b). CT Page 4566
The Motion to Remove the Stay is granted.
JOSEPH L. STEINBERG, JUDGE