[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS (No. 122.00)
FACTS
Defendant Gerald Tsai moves to dismiss plaintiff Marlyn Tsai's motion for contempt dated April 30, 1991 and the show cause hearing scheduled for July 22, 1991 on the ground that the court lacks personal jurisdiction over the defendant.
The parties were married in 1969. A Connecticut judgment of legal separation was issued on November 5, 1986, and the marriage was dissolved on June 23, 1987. In 1986 defendant moved from Connecticut to New York. In 1989 defendant established residence in Florida. Plaintiff has resided continuously in Connecticut since the dissolution of the marriage.
In pleadings dated June 11, 1991 plaintiff made an application for order of notice and hearing to be held on July 22, 1991 to show cause why plaintiff's motion for contempt, for failure to pay child support, spousal maintenance, and alimony, among others, should not be granted. Defendant was personally served at his New York office on June 12, 1991. (In addition, the wife alleged that he had failed to pay premiums for personal property, medical and dental expenses, travel and vacation expenses, the cost of unusual and ordinary repairs, costs and expenses for the child's school, and other miscellaneous bills.)
DISCUSSION
"A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624 (1983). A motion to dismiss is properly used to assert lack of jurisdiction over the person. Connecticut Practice Book 143; Standard Tallow Corp. v. Jowdy,190 Conn. 48, 53 (1983).
Defendant moves to dismiss the motion for contempt and show cause proceedings on the grounds that defendant has not resided in Connecticut since 1987 and that defendant was personally served in New York and not served in Connecticut. Therefore, defendant argues that the court lacks personal jurisdiction over the defendant on the contempt proceedings. Defendant concludes that any action by the court without personal jurisdiction over the defendant would be a denial of due process and "the privileges and immunities afforded to him as a citizen under the Constitution of the United States." CT Page 8264
"[A]nalysis of due process challenge to personal jurisdiction is a two-step process." United States Trust Co. v. Bohart, 197 Conn. 34, 38 (1985). The court must first decide whether the applicable state long-arm statute authorizes the assertion of jurisdiction over the defendant. Frazer v. McGowan, 198 Conn. 243, 246 (1986). Only if personal jurisdiction has attached under state law does the court reach thereby. United States Trust Co., 197 Conn. at 39. "The plaintiff ordinarily bears the burden of establishing an adequate factual basis for personal jurisdiction over a defendant." Id. Due process requires that a defendant "not present within the territory of the forum . . . have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U.S. 310,316 (1945). "The twin touchstones of due process analysis under the minimum contacts doctrine are foreseeability and fairness." United States Trust Co., 197 Conn. at 41. "`[T]he foreseeability that is critical to due process analysis . . . is that the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." Id. "At the same time, jurisdiction may not be asserted "in such a way as to make litigation `so gravely difficult and inconvenient' that a party unfairly is at a `severe disadvantage' in comparison to his opponent.'" Id. at 42.
"[Personal] jurisdiction over a nonresident requires statutory authorization. See Jones v. Jones, 199 Conn. 287,290-91, 507 A.2d 88, (1986). "The Connecticut Supreme Court made clear in Jones v. Jones, 199 Conn. 287 (1986), that the46b-46(b) long-arm statute applies to alimony and child support matters, whether brought under an action for dissolution, annulment, legal separation or otherwise. Howe v. Howe,6 CSCR 518, 519 (May 3, 1991, Steinberg, J.); see also St. Hilaire v. St. Hilaire, 41 Conn. Sup. 429, 432-33 (1990).
In its analysis of 46b-46(b) the Jones court recognized that "statutes providing for parental support and maintenance of minor children are to be broadly construed. (Citations omitted.) The legislature has conferred upon courts the power to provide for the support of children, not only when a decree of dissolution is entered, but at any time." Jones,199 Conn. at 291. Because the instant action is against a nonresident defendant for contempt of a Connecticut judgment of dissolution for his alleged failure to pay child support and spousal maintenance, Connecticut General Statutes 46b-46(b) is the governing statute. See Winston v. Winston, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 012129 (May 31, 1990). (Pursuant to a contempt motion for an CT Page 8265 alleged arrearage due on child support payments, the court found in personam jurisdiction over the nonresident defendant because the requirements of Connecticut General Statutes 46b-46 (b) and due process were satisfied.)
Connecticut General Statutes 46b-46(b) provides that:
 The court may exercise personal jurisdiction over the nonresident party as matters concerning the temporary or permanent alimony or support of children, only if: (1) The nonresident party has received actual notice under subsection (a) of this section; and (2) the party requesting alimony or support of children meets the residency requirement of section 46b-44; and (3) this state was the domicile of both parties immediately prior to or at the time of their separation.
The issue in Jones was "the construction to be afforded to 46b-46(b) which allows a court, in matrimonial matters, to `exercise personal jurisdiction over the nonresident party as to matters concerning. . .support of children, only if: (1) The nonresident party has received actual notice under subsection (a) of this section.'" Jones,199 Conn. at 290, fn. 1, (emphasis supplied). The Jones court held that section "46b-46(b) permits the court to modify a dissolution judgment to require a nonresident defendant to pay child support if the nonresident had actual notice of the modification proceedings. . . ." Id. at 294. The actual notice requirement of 46b-46(b)(1) has been satisfied in the instant case by defendant's admission and Fermin Figueroa, Jr.'s affidavit of service testifying that defendant received in hand service of the instant action.
Plaintiff has resided continuously in the State of Connecticut since the dissolution of the marriage; therefore, the second requirement of Connecticut General Statutes46b-46(b) regarding residency has been satisfied.
The third requirement of Connecticut General Statutes46b-46(b) has also been satisfied because Connecticut was the domicile of both parties prior to their separation.
Since the requirements of long-arm statute Connecticut General Statutes 46b-46(b) have been satisfied, the court must now determine whether defendant has the requisite minimum contacts with Connecticut to satisfy due process. In the instant action defendant's contacts with Connecticut are that CT Page 8266 Connecticut was the domicile of both parties during the marriage and that defendant submitted to the jurisdiction of Connecticut at the time of the legal separation in 1986 and the dissolution of the marriage in 1987. Defendant's above contacts with Connecticut are sufficient that exercising jurisdiction does not offend traditional notions of fair play and substantial justice, and defendant should have reasonably foreseen that he would be haled into a Connecticut court on a post judgment contempt citation. See Burger King Corp. v. Rudzewicz, 471 U.S. 462
(1984). Further, under Lyon v. Lyon, 25 Conn. 185 (1851), the court held that a petition to enforce an order for the payment of alimony in a divorce action post judgment was merely further proceedings in the original action requiring notice not service.
Accordingly, the defendant's motion to dismiss is denied.
EDWARD R. KARAZIN, JR., JUDGE.