[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
CT Page 1062
The complaint in this action alleges that the plaintiffs, William and Leesa Mitchell of Moodus, Connecticut, purchased a 1988 BMW automobile from the defendant, Wayne Francis, of Hartford, Connecticut, in March, 1995. Shortly thereafter, the Mitchells were advised by the Connecticut State Police that the BMW they had purchased was a stolen vehicle. The Mitchells turned the vehicle over to Nationwide Insurance Company, the true owner of the vehicle.
The complaint seeks to recover from Francis and Astra Motor Cars, Inc. ("Astra"), which is alleged to have purchased the BMW at an auction in Orlando, Florida and sold it to Francis. Astra is a New York corporation with a principal place of business in Brooklyn, New York. Astra has moved to dismiss the action against it on the grounds that it neither solicits nor transacts business within the state of Connecticut and this court has no basis to assert jurisdiction over it.
The parties first came before this court in October. 1996 when the court allowed the plaintiffs additional time in which to prepare to present evidence concerning the connection between Astra and the state of Connecticut. Thereafter on February 7, 1997 the plaintiffs presented the evidence described below.
At the time of the purchase of the vehicle by the plaintiffs and thereafter, Astra advertised in Connecticut in magazines including Auto-Hunter, a magazine which is generally available at automobile service stations in Connecticut. The plaintiffs introduced the November 9, 1996 and the November 23, 1996 editions of Auto-Hunter. Each addition contained the following words on the front cover: "Largest Vehicle Marketplace in the Northeast U.S. — 275,000 readers — 7 States." Each edition contained an advertisement for Astra, which listed approximately 50 vehicles and gave a make, model, year and price for each. The advertisement also contained the following words: "Towing available to all of New England."
Wayne Francis first learned of Astra from his friends in New York. In 1994 he telephoned Astra concerning the BMW in question. He then drove to New York, put a deposit on the vehicle and later returned to New York to pay the balance owed for the vehicle. At or prior to March of 1995, but after he purchased the BMW from Astra, Francis became aware that Astra advertised in Auto-Hunter
CT Page 1063 and other magazines sold in Connecticut. He also purchased a second vehicle from Astra which is not at issue in this case.
The plaintiffs claim jurisdiction over Astra by virtue of Connecticut General Statutes § 33-411 (c)(2) which provides:
 (c) Every foreign corporation shall be subject to suit in this state, by a resident of this state or by a person having a usual place of business in this state, whether or not such foreign corporation is transacting or has transacted business in this state and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows: . . . . (2) out of any business solicited in this state by mail or otherwise if the corporation has repeatedly so solicited business, whether the orders or offers relating thereto were accepted within or without the state. . .
They claim that Astra's advertisements in Connecticut constituted solicitation of business in this state sufficient both to satisfy the requirements of 33-411 (c)(2) and the minimum contacts requirements of I International Shoe Co. v. Washington, 326 U.S. 310,316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Astra argues that since Francis purchased the BMW from Astra without relying on an advertisement in Auto-Hunter or any similar magazine, there is no causal connection between the alleged solicitation within this state and the wrongful conduct alleged, and, therefore, the plaintiffs have satisfied neither the statutory requirement nor the minimum contacts requirement for jurisdiction over Astra.
In the recent case of Thomason v. Chemical Bank,234 Conn. 281, 661 A.2d 595 (1995), the Connecticut Supreme Court made it clear that nether § 33-411(c)(2) nor International Shoe
requires that the defendant's solicitation within this state have any causal relationship to the plaintiff's cause of action:
 The federal due process clause permits state courts to exercise in personam jurisdiction over a nonresident corporate defendant that has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. International Shoe Co. v. Washington, 326 U.S. 310, 316 [66 S.Ct. 154, 90 L.Ed. 95] (1945), quoting Milliken v. Meyer, 311 U.S. 457, 463
[61 S.Ct. 339, 85 L.Ed. 278] (1940)." (Internal quotation marks omitted.) Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).[3] Either CT Page 1064 "specific" jurisdiction or "general" jurisdiction can satisfy the constitutional requirement of sufficient minimum contacts between the defendant and the forum. A state court will have "specific" jurisdiction over a nonresident defendant whenever the defendant "has `purposefully directed' [its] activities at residents of the forum, Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 774
[104 S.Ct. 1473, 79 L.Ed.2d 790] (1984), and the litigation [has] result[ed] from alleged injuries that `arise out of or relate to' those activities, Helicopteros Nacionales de Colombia, S. A. v. Hall, [supra, 466 U.S. 414]." (Emphasis added.) Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472-73, 105 S.Ct. 2174, 85 L.Ed.2d 528
(1985). Alternatively, "[e]ven when the cause of action does not arise out of or relate to the foreign corporation's activities in the forum State, due process is not offended by a State's subjecting the corporation to its in personam jurisdiction" if the defendant has had "continuous and systematic general business contacts" with the state. (Emphasis added.) Helicopteros Nacionales de Colombia, S.A. v. Hall, supra, 414, 416.
 In the context of "specific" jurisdiction, although the United States Supreme Court has required the plaintiff s cause of action to "arise out of or relate to" the defendant's forum-directed activities, that court has not articulated a standard for what constitutes "arising out of." See Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 589, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991) (declining to reach issue despite having certified it for review); Helicopteros Nacionales de Colombia, S.A. v. Hall, supra, 466 U.S. 415-16 n. 10 (declining to reach question). That court has held only that the availability of specific jurisdiction depends on the "`relationship among the defendant, the forum, and the litigation'. . . ." Helicopteros Nacionales de Colombia, S. A. v. Hall, supra, 414; Shaffer v. Heitner, 433 U.S. 186, 204, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977). The lower federal courts have held, however, that because of the requirement that the cause of action "arise out of" the defendant's contacts with the forum, specific jurisdiction may not be exercised without some causal connection between the defendant's contacts with the forum and the existence of the plaintiffs lawsuit. (citations omitted). By contrast, because general Jurisdiction does not require that the cause of action "arise out of" a defendant's activities, such jurisdiction may be exercised even when there is no causal connection between the defendant s forum-directed activities and the plaintiffs lawsuit, as long as the defendant has had "continuous and systematic CT Page 1065 general business contacts" with the state. (Emphasis added.) Helicopteros Nacionales de Colombia, S. A. v. Hall, supra, 466 U.S. 415-16.
 B Like the constitutional test that differentiates "specific" from "general" jurisdiction, § 33-411 distinguishes between cases that "arise out of" a defendant's forum contacts and cases that do not arise out of such contacts. Unlike the constitution, however, our long arm statute permits the exercise of jurisdiction over only those cases that "arise out of" a defendant's forum contacts.[5] If the words "arising out of" in the statute had the same meaning as those words in the constitutional test, the statute would limit our courts to the exercise of "specific" jurisdiction and prohibit our courts from exercising any "general" jurisdiction. On the basis of our precedents and confirmatory legislative history, however, we are persuaded that the statute does not entirely preclude the exercise of "general" jurisdiction and that the phrase "arising out of" in the statute, unlike that phrase in the constitutional test, does not require a causal connection between the defendant's forum-directed activities and the plaintiffs' lawsuit.
. . . . . .
234 Conn. at 287-290,
 Our precedents have interpreted the words "arising out of" in § 33-411 (c)(2) as imposing some constraints on the exercise of jurisdiction that exceed those constraints imposed by the constitution. In Frazer v. McGowan, supra, 198 Conn. 248-49, for example, we observed that "in enacting § 33-411 (c) . . . the legislature intended to exercise its full constitutional power over foreign corporations in cases falling within one of the designated causes of action." (Emphasis added.) We concluded, in that case, that the plaintiff's cause of action had met the statutory requirement because there had been an "adequate connection" between the cause of action and the solicitation of business here. Id., 252.[8] Most importantly, we always have held that the exercise of long arm jurisdiction in this state requires a two part inquiry: first, whether jurisdiction is permitted by the statute, and second, whether jurisdiction is permitted by the federal constitution. See, e.g., id., 252; CT Page 1066 Lombard Bros., Inc. v. General Asset Management Co., supra, 190 Conn. 250. If the statute allowed the exercise of all constitutionally permissible jurisdiction, the first step of this inquiry would not have been necessary. Cf. Cato v. Cato, supra, 226 Conn. 5 (long arm statute for dissolution actions reaches full extent of constitutionally permissible jurisdiction; consolidating statutory and constitutional analysis into single step); Jones v. Jones, 199 Conn. 287, 292, 507 A.2d 88 (1986) (same).
 The words "arising out of" therefore must be interpreted in a manner that reconciles the legislative decision to impose some limits on constitutionally permitted jurisdiction with its decision not to require a causal connection between the defendant's solicitation here and the plaintiffs lawsuit. Our interpretation is as follows. For purposes of § 33-411 (c)(2), a plaintiffs "cause of action aris[es] . . . out of . . . business solicited in this state" if, at the time the defendant engaged in solicitation in Connecticut, it was reasonably foreseeable that, as a result of that solicitation, the defendant could be sued in Connecticut by a solicited person on a cause of action similar to that now being brought by the plaintiffs.
 Pursuant to our interpretation of the statute, a plaintiff need not show that, because of the acts of solicitation, the defendant was on notice that it might be sued by the plaintiff himself or herself. A plaintiff similarly need not show that the defendant solicited his or her business in Connecticut. A plaintiff need only demonstrate that the defendant could reasonably have anticipated being haled into court here by some person who had been solicited in Connecticut and that the plaintiffs cause of action is not materially different from an action that might have resulted directly from that solicitation.
 This interpretation of the statute is consistent with both of the principles we have discussed. On the one hand, because the statute does not demand proof that a particular plaintiff's business was solicited in Connecticut, the statute does not require proof of a "causal connection" between the solicitation and the plaintiff's injuries. On the other hand, because the statute does demand proof that a particular plaintiff's cause of action is similar to a cause of action that could have been brought here by a person whose business the defendant did solicit, the statute is more restrictive than the federal constitutional test for general jurisdiction, under which CT Page 1067 this state could have elected to exercise jurisdiction over causes of action wholly unrelated to the defendant's conduct in this forum.
234 Conn. at 295-298.
Although the evidence presented by the plaintiffs as to Astra's solicitations within this state was certainly not extensive, the court finds that Astra regularly advertised the sale of many vehicles within the state of Connecticut. The advertisements indicated that Astra expected to offer towing services in New England, of which Connecticut is a part. The court further finds that Astra could reasonably have anticipated being haled into court here by some person who had purchased a vehicle in response to Astra's advertisements and that the plaintiffs' cause of action is not materially different from an action that might have resulted directly from that solicitation. Based on the foregoing, the court finds that it does have jurisdiction over Astra under Thomason v. Chemical Bank,234 Conn. 281, 661 A.2d 595 (1995). Therefore, the Motion to Dismiss is denied.
By the court,
Aurigemma, J.