[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On December 15, 1999, the defendant filed in this court a certified copy of a foreign matrimonial judgment of the state of Arizona, County of Maricopa, which was entered on July 24, 1994. The defendant also filed a certificate that the judgment has never been modified, altered, amended, set aside, vacated, stayed or suspended. The certificate contained the name and last address of the other party and of the court which rendered such judgment.
It is hereby decreed that such judgment is a judgment of the state of Connecticut and shall be enforced and otherwise treated in the same manner as a judgment of this state, pursuant to Section 46b-71 of the General Statutes.
The defendant has moved this court for an order adjudicating the plaintiff in contempt of that portion of the judgment requiring the plaintiff to pay to the defendant $400.00 per month as periodic alimony an for sanctions against him for his failure to do so.
The law is well established that although the judgment is now a judgment of this state, the court must have in personam jurisdiction of the respondent party in order to enter such orders.
Although the plaintiff was properly served in the state of Arizona with notice of this action, he has done nothing to submit himself to the jurisdiction of this court. An order to pay money as alimony is a judgment in personam. See LaBow vs. LaBow,171 Conn. 433, 438 (1976). Notice of an action is not sufficient to confer personal jurisdiction over a non-resident party. CT Page 2336Goldstein vs. Fisher, 200 Conn. 197, 201 (1986).
The plaintiff herein lacks sufficient minimum contacts with Connecticut and the unilateral activities of the defendant in presenting this foreign judgment for recognition as a Connecticut judgment pursuant to statute cannot confer personal jurisdiction over him in the state of Connecticut. See St. Hilaire vs. St.Hilaire, 41 Conn. Sup. 429 (1990).
Accordingly, the defendant's motion for contempt is dismissed for lack of personal jurisdiction over the non-resident plaintiff.
By the Court,
Joseph W. Doherty, Judge