### ROBERT P. GOLDSTEIN *v.* MONIKA FISCHER
### (12778)

PETERS, C. J., HEALEY, SHEA, DANNEHY and SANTANIELLO, Js.

Argued April 2—decision released June 10, 1986

*Robert P. Goldstein,* pro se, the appellant (petitioner).

DANNEHY, J. The plaintiff applied to the Superior Court for a writ of habeas corpus to determine the custody of a minor child. The court dismissed the application for lack of personal jurisdiction. The plaintiff

appealed to the Appellate Court, and we transferred the appeal here on our own motion. Practice Book § 3004A. We find no error.

The plaintiff, a layman, tried his own case and prepared and argued his appeal in this court. The defendant has not appeared either in the trial court or this court. On reviewing the record, we have followed the liberal policy usual where a layman appears pro se and have carefully considered his claims as far as they are fairly presented upon the record. See, e.g., *Cersosimo v. Cersosimo,* 188 Conn. 385, 393, 449 A.2d 1026 (1982); *Hartford National Bank & Trust Co.* v. *DiFazio,* 177 Conn. 34, 39 n.2, 411 A.2d 8 (1979).

The plaintiff and the defendant are the father and mother of a child born out of wedlock in West Germany on March 6, 1982. The defendant is a West German citizen. The plaintiff, who left West Germany on July 10, 1981, learned of the defendant's pregnancy by a letter dated October 1, 1981. Shortly after March 6, 1982, the defendant and the child joined the plaintiff in Connecticut. On July 31, 1982, however, the defendant returned to West Germany with the child where they continue to reside.

On September 27, 1982, the plaintiff commenced an action seeking custody of the child. The defendant received notice of the action by registered mail in West Germany on October 5, 1982. The defendant made no appearance in the action and judgment of dismissal was rendered on the ground that the court lacked personal jurisdiction over the defendant. The plaintiff contends on appeal that jurisdiction existed in the trial court pursuant to the Uniform Child Custody Jurisdiction Act (UCCJA). General Statutes § 46b-90 et seq. We do not agree.

One of the central purposes of the UCCJA is to "[a]void jurisdictional competition and conflict with

courts of other states in matters of child custody
. . . ." General Statutes § 46b-91.[1] While the term
"state" is defined as "any state, territory or posses-
sion of the United States, the Commonwealth of Puerto
Rico, and the District of Columbia"; General Statutes
§ 46b-92 (10); the act further provides that its "gen-
eral policies . . . extend to the international area."
General Statutes § 46b-113. We therefore assume,
arguendo, that under appropriate circumstances the
UCCJA may confer on the courts of this state juris-
diction over custody disputes involving foreign
nationals living abroad. It is unnecessary to decide that
issue, however, because on the facts of this case it is
clear that none of the bases for jurisdiction under the
UCCJA may be found to exist.

General Statutes § 46b-93[2] provides four separate
bases for the exercise of jurisdiction by courts of this

[1] "[General Statutes] Sec. 46b-91. PURPOSES OF ACT; CONSTRUCTION OF
PROVISIONS. (a) The general purposes of this chapter are to: (1) Avoid juris-
dictional competition and conflict with courts of other states in matters
of child custody which have in the past resulted in the shifting of children
from state to state with harmful effects on their well-being; (2) promote
cooperation with the courts of other states to the end that a custody decree
is rendered in a state which can best decide the case in the interest of the
child; (3) assure that litigation concerning the custody of a child take place
ordinarily in the state with which the child and his family have the closest
connection and where significant evidence concerning his care, protection,
training and personal relationships is most readily available, and that courts
of this state decline the exercise of jurisdiction when the child and his family
have a closer connection with another state; (4) discourage continuing con-
troversies over child custody in the interest of greater stability of home
environment and of secure family relationships for the child; (5) deter abduc-
tions and other unilateral removals of children undertaken to obtain cus-
tody awards: (6) avoid relitigation of custody decisions of other states in
this state insofar as feasible; (7) facilitate the enforcement of custody decrees
of other states; (8) promote and expand the exchange of information and
other forms of mutual assistance between the courts of this state and those
of other states concerned with the same child; and (9) make uniform the
laws of the states which enact The Uniform Child Custody Jurisdiction Act."

[2] "[General Statutes] Sec. 46b-93. JURISDICTION. (a) The superior court
shall have jurisdiction to make a child custody determination by initial or

state over custody disputes involving nonresidents. The only bases for jurisdiction conceivably applicable on the facts of this case are those provided in subsection (a) (1) and (2). The statute provides in relevant part that the "superior court shall have jurisdiction to make a child custody determination by initial or modification decree if: (1) This state (A) is the home state of the child at the time of commencement of the proceeding, or (B) had been the child's home state within six months before the commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; or (2) it is in the best interest of the child that a court of this state assume jurisdiction because (A) the child and his par-

---

modification decree if: (1) This state (A) is the home state of the child at the time of commencement of the proceeding, or (B) had been the child's home state within six months before the commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; or (2) it is in the best interest of the child that a court of this state assume jurisdiction because (A) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (B) there is available in this state substantial evidence concerning the child's present or future care, protection, training and personal relationships; or (3) the child is physically present in this state and (A) the child has been abandoned or (B) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent; or (4) (A) it appears that no other state would have jurisdiction under prerequisites substantially in accordance with subdivisions (2) or (3) of this subsection, or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and (B) it is in the best interest of the child that this court assume jurisdiction.

"(b) Except under subdivisions (3) and (4) of subsection (a) of this section, physical presence in this state of the child, or of the child and one of the contestants, is not alone sufficient to confer jurisdiction on a court of this state to make a child custody determination.

"(c) Physical presence of the child is not a prerequisite for jurisdiction to determine his custody."

ents, or the child and at least one contestant, have a significant connection with this state, and (B) there is available in this state substantial evidence concerning the child's present or future care, protection, training and personal relationships."

General Statutes § 46b-93 (a) (1) is inapplicable because this state is not and never has been the "home state" of the child. The term "home state" is defined as "the state in which the child immediately preceding the time involved lived with his parents, a parent, or a person acting as parent, for at least six consecutive months, and in the case of a child less than six months old, the state in which the child lived from birth with any of such persons." General Statutes § 46b-92 (5). The child in this case was less than five months old when she left Connecticut, and because she was born in West Germany, Connecticut is not "the state in which the child lived from birth." Similarly, General Statutes § 46b-93 (a) (2), which requires both that the child have a "significant connection with this state" and that "there is available in this state substantial evidence concerning the child's present or future care, protection, training and personal relationships," is not available to confer jurisdiction. The record in this case satisfies neither of these requirements.

Although the plaintiff has complied with the notice provisions of General Statutes § 46b-95, mere notice of an action is not sufficient to confer personal jurisdiction over a nonresident defendant. *Robertson* v. *Robertson,* 164 Conn. 140, 144, 318 A.2d 106 (1972). Such jurisdiction over a nonresident requires statutory authorization. See *Jones* v. *Jones,* 199 Conn. 287, 290–91, 507 A.2d 88 (1986); *Frazer* v. *McGowan,* 198 Conn. 243, 246, 502 A.2d 905 (1986). For custody disputes, the prerequisites to jurisdiction over a nonresident defendant are set forth in General Statutes

§ 46b-93. As noted, none of these prerequisites have been met. The trial court properly dismissed the action for want of personal jurisdiction.

There is no error.

In this opinion the other justices concurred.