[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The question before the court is, does the court have personal jurisdiction over the defendant non-resident?
The plaintiff Jean Anne Tighe f/k/a Jean A. Morganroth, and the defendant, James Morganroth, were married in New York in 1962. On June 15, 1967, the trial Court in Connecticut entered a judgment dissolving the marriage. As part of the judgment, the defendant was ordered to pay $20.00 a week in child support for each of the parties' two children.
In papers dated March 17, 1992, the plaintiff moves the court to find the defendant in contempt for failure to pay child support and requests back child support payments and attorney's fees and costs.
The plaintiff has also moved for a restraining order so that the defendant cannot transfer property belonging to his mother's estate, of which he is the executor. The sheriff's return shows that the defendant was served in three ways. In his fiduciary capacity, process was served upon Judge Shannon of the Fairfield Probate Court. Service was also made upon the secretary of state in Hartford. Lastly, the deputy sheriff mailed process via certified mail to the defendant in Seattle. Return receipt signed by the defendant was received by the sheriff on April 16, 1992.
On April 20, 1992, the defendant filed an appearance and a timely motion to dismiss for lack of personal jurisdiction. See Practice Book 142. The defendant bases his motion on insufficiency of service of process. The plaintiff opposes the motion, and both parties have filed a memorandum of law. CT Page 6241
The defendant, who lives in Seattle, Washington, argues that service upon him did not comply with Conn. General Statutes 52-54, which provides for abode or in person service. The defendant argues that service by mail was not proper and also argues that the court's order for notice does not authorize service upon him as executor.
The plaintiff argues that the defendant was properly served pursuant to Conn. General Statutes 46b-46(b) the domestic relations long-arm statute and that the defendant was properly served as the executor of his mother's estate pursuant to Conn. General Statutes 52-60.
I. Section 52-54
The defendant argues that service of process upon him did not conform to Conn. General Statutes 52-54. The court finds that this statute is not applicable to the defendant because52-54 prescribes the manner in which process is to be served in Connecticut, not outside the state.
[Personal] jurisdiction over a nonresident defendant requires statutory authorization. Goldstein v. Fischer,200 Conn. 197, 201, 510 A.2d 184 (1986); Cato v. Cato, 27 Conn. App. 142,144, (1992). Conn. General Statutes 46b-46(b) authorizes the Superior Court to exercise personal jurisdiction over a nonresident party in matters concerning support of children in relevant part, "[t]he nonresident party has received actual notice. . ." The file evidence; that the defendant received by certified mail the order for hearing and notice, the summons and the two motions. It is found that the defendant received actual notice and that he was properly served pursuant to Conn. General Statutes 46b-46(b). It is therefore found that the court may exercise personal jurisdiction over him relating to the motion for contempt.
II. Service of Process Upon Nonresident Executor
The defendant also moves to dismiss because the court's order for hearing and notice does not direct that he be served in his capacity as executor. The order for hearing and notice, dated on March 18, 1992, provides, in relevant part, that the plaintiff should serve the defendant "in the manner prescribed by law."
The plaintiff argues that the defendant was served pursuant to Conn. General Statutes 52-60, which authorizes the probate judge to accept service of process for nonresident executors. The sheriff's return shows that Judge Shannon was served with process. The court finds that the defendant in his CT Page 6242 capacity as executor, was served "in the manner prescribed by law." This court exercises personal jurisdiction over the defendant relating to the motion for restraining order.
This court has personal jurisdiction over the defendant, and the court hereby denies the motion to dismiss.
EDWARD R. KARAZIN, JR., JUDGE