[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS (No. 103)
The plaintiff, Mary Sloane (formerly Mary K. Shepard), and the defendant, Ira Shepard, were granted a divorce in the District of Columbia on May 22, 1985. On July 25, 1994, the plaintiff, presently a Connecticut domiciliary, filed an application in this court to establish child support and pay private school tuition for their seventeen year old minor son, Joshua Paul Shepard. In the application the plaintiff alleges that she and the minor son reside in Connecticut, that the defendant resides in Maryland and that the parties' divorce was granted by a District of Columbia court.
On August 4, 1994, the defendant filed a motion to dismiss for lack of personal jurisdiction and an accompanying memorandum of law. The plaintiff filed a memorandum of law in opposition to CT Page 9594 the motion to dismiss on August 9, 1994. The defendant filed a reply to the plaintiff's opposition dated August 11, 1994.
"A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v.Connecticut, 190 Conn. 622, 624, 461 A.2d 991 (1983). Lack of personal jurisdiction is properly raised on a motion to dismiss.Standard Tallow Corp. v. Jowdy, 190 Conn. 48, 53, 459 A.2d 503
(1983).
In his memorandum in support of his motion to dismiss, the defendant argues that the court lacks personal jurisdiction over him because he has no contacts with Connecticut other than his son's residence in the state. The defendant argues that his contacts with the state do not meet the minimum contact requirements of due process under the Fourteenth Amendment of the United States Constitution.
In response, the plaintiff argues that the court has jurisdiction pursuant to General Statutes § 46b-61, which authorizes the court to issue orders regarding children where parents live separately after proper notice has been given. The plaintiff argues that such notice was given and that the court has personal jurisdiction over the defendant based on his contacts with Connecticut.
In his reply to the plaintiff's opposition, the defendant argues that § 46b-61 gives the court subject matter jurisdiction over the claim, but it is not a basis for personal jurisdiction over him. The defendant also argues that the court lacks jurisdiction over him because the requirements of the applicable long-arm statute are not met.
An order to pay child support is a judgment in personam requiring personal jurisdiction over the defendant. LaBow v.LaBow, 171 Conn. 433, 438, 370 A.2d 990 (1976). Statutory authorization is needed for a court to have personal jurisdiction over a nonresident. Goldstein v. Fischer, 200 Conn. 197, 201,510 A.2d 184 (1986). In Connecticut, General Statutes § 46b-46b(b) contains the long-arm statute provision applicable to actions for parental support and maintenance of minor children. The statute provides, in pertinent part:
 The court may exercise personal jurisdiction over the nonresident party as [to] matters CT Page 9595 concerning temporary or permanent alimony or support of children, only if: (1) the nonresident party has received actual notice under subsection (a) of this section; and (2) the party requesting alimony or support of children meets the residency requirement of section 46b-44; and (3) this state was the domicile of both parties immediately prior to or at the time of their separation.
(Emphasis added.) General Statutes § 46b-46(b).
The Supreme Court has noted that "in enacting a long-arm statute with respect to family matters, the legislature intended to exercise its full constitutional power, limited only by the constraints of due process, over nonresidents being sued for nonsupport of their children." Jones v. Jones, 199 Conn. 287,292, 507 A.2d 88 (1986). Nevertheless, "[i]n reading the statute it is clear that the court may have jurisdiction over a nonresident only if certain criteria are met." Sweeney v.Sweeney, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 285682 (July 1, 1993, Norko, J.). Where Connecticut was not the domicile of both parties to or at the time of their separation, a motion to dismiss for lack of personal jurisdiction over the nonresident was granted because the third requirement the long-arm statute was not met. O'Hagen v. O'Hagen,
Superior Court, Judicial District of Fairfield at Bridgeport Docket No. 296187 (September 22, 1992, Ballen, J.).
In the present case the plaintiff has not alleged nor proven that Connecticut was the domicile of both parties immediately prior to or at the time of their separation. The defendant contends that he has never resided in Connecticut, and in her motion, the plaintiff does not dispute this fact. Therefore, the third requirement of the long-arm statute, General Statutes § 46b-46, has not been met. Accordingly, the court lacks personal jurisdiction over the defendant. The motion to dismiss is granted.
ROMEO G. PETRONI, JUDGE