[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Patrick R. Gil for plaintiff.
Anderson Ferlazzo for defendant.
This matter comes before the court on plaintiff's motion to dismiss. The decree of dissolution was entered in Connecticut on February 10, 1983. At the time of the dissolution, the plaintiff husband was a resident of the State of New York. He has continuously, to this date, resided in New York. The defendant has continued as a resident of the State of Connecticut.
By motion dated March 10, 1994, filed with the court on May 26, 1994, the defendant seeks to modify the divorce decree. Plaintiff was personally served in New York and now seeks to dismiss defendant's motion for modification on the grounds that Connecticut lacks personal jurisdiction over the plaintiff.
"Jurisdiction over the person is a question properly raised by a motion to dismiss." Grayson v. Wofsey, Rosen, Kweskin Kuriansky, 40 Conn. Sup. 1, 2, 478 A.2d 629 (1984). "[A] plaintiff seeking to initiate an action in Connecticut bears the burden of proof on the issue of whether Connecticut courts may properly exercise personal jurisdiction over the defendant."Packer Plastics, Inc. v. Laundon, 214 Conn. 52, 55, 570 A.2d 687
(1990). Mere notice of an action is not sufficient to confer personal jurisdiction over a nonresident defendant. Goldstein v.Fischer, 200 Conn. 197, 202, 510 A.2d 184 (1986). Personal jurisdiction over a nonresident defendant requires statutory authorization. Id.
The defendant's motion for modification against the nonresident plaintiff is made pursuant to Connecticut General Statutes, Sec. 46b-46 which provides in pertinent part:
 The court may exercise personal jurisdiction over the nonresident party as matters concerning temporary or permanent alimony or support of children, only if: (1) The nonresident party has received actual notice under subsection (a) of this section; and (2) the party requesting alimony or support of CT Page 11227 children meets the residency requirement of section 46b-44; and (3) this state was the domicile of both parties immediately prior to or at the time of their separation.
Section 46b-46 is not applicable to the defendant's motion as this matter is not one for dissolution, annulment, legal separation or custody, but rather seeks to modify a judgment. Further, the plaintiff has not satisfied the domicile requirement of Sec. 46b-46 because it appears this state was not the domicile of both parties immediately prior to or at the time of the dissolution.
Defendant further argues that the plaintiff is subject to jurisdiction under Connecticut General Statutes, Sec. 52-59b(a)(1). The first inquiry must be whether our long-arm statute authorizes the exercise of jurisdiction under the particular facts of the case. Lombard Bros., Inc. v. General AssetManagement Co., 190 Conn. 245, 250, 460 A.2d 481 (1983). Connecticut General Statutes, Sec. 52-59b(a) provides in pertinent part: "A court may exercise personal jurisdiction over any nonresident individual . . . who in person or through an agent: (1) [t]ransacts any business within the state. . . ."
The term "transacts any business" is not limited to commercial situations and includes the execution of a warranty deed pursuant to a single sale of property. Zartolas v. Nisenfeld,184 Conn. 471, 474, 440 A.2d 179 (1981). The court in Zartolas
noted that Sec. 52-59b is based on New York Civil Practice Law, Sec. 302, and cited Kochenthal v. Kochenthal, 28 App.Div. 2d 117, 119, 282 N.Y.S.2d 36 (1967), where the New York court applied the New York long-arm statute to a separation agreement. Therefore, the Connecticut long-arm statute authorizes jurisdiction in the present case.
If the court finds that the long-arm statute is applicable, then the court reaches the question whether it would offend due process to assert jurisdiction. Lombard Bros., Inc. v. GeneralAsset Management Co., supra. "The twin touchstones of due process analysis under the minimum contacts doctrine are foreseeability and fairness." United States Trust Co. v. Bohart, 197 Conn. 34,41, 495 A.2d 1034 (1985). Foreseeability "`is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.'" (Citation omitted.) Id., 41. CT Page 11228
In Kulko v. Superior Court, 436 U.S. 84, 98 S.Ct. 1690,56 L.Ed.2d 132 (1978), the court held that the exercise of in personam jurisdiction in an action to modify a divorce judgment over a nonresident, nondomiciliary parent of minor children domiciled in California, would violate the fourteenth amendment's due process clause. Id., 86.
For the reasons given, the court grants the plaintiff's motion to dismiss.
Mihalakos, J.