[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is defendant's Motion to Dismiss.
On July 14, 1994, the plaintiff, Jin-Sung Bok, filed a one count complaint against the named defendant, American Chick Sexing Associates, alleging the defendant wrongfully discharged the plaintiff.
On August 12, 1994, David K. Nitta, "trading as American Check Sexing Associates," (see Exhibit B Motion to Dismiss) moved to dismiss this case because of a lack of personal jurisdiction over him. In his motion to dismiss, Nitta argues that "[b]ecause plaintiff purported to sue American Chick Sexing Association as an entity instead of Mr. Nitta as an individual, defendant was improperly served pursuant to Connecticut General Statutes § 33-411 instead of pursuant to § 52-59b of the General Statutes."
As required by Practice Book § 143, Nitta supplied a supporting memorandum of law, and the plaintiff timely filed a memorandum of law in objection. Nitta supplied a supplemental memorandum of law in support of his motion to dismiss.
The motion to dismiss is the "proper vehicle for claiming any lack of jurisdiction in the trial court." Upson v.State, 190 Conn. 622, 624-25 n. 4, 461 A.2d 991 (1983). Lack of personal jurisdiction is properly raised by a motion to dismiss.Chrysler Credit Corporation v. Fairfield Chrysler-Plymouth,180 Conn. 223, 226, 429 A.2d 478. A motion to dismiss "admits all well-pleaded facts, the complaint being construed most favorably to the plaintiff." American Laundry Machine Co., Inc. v. State,190 Conn. 212, 217, 459 A.2d 1031 (1983).
The defendant argues that he is a nonresident individual, not a foreign corporation. The plaintiff argues that the defendant was properly served under General Statutes § 52-57.[1]
The plaintiff's complaint names only American Chick Sexing Association and does not mention David K. Nitta. However, the contract attached to Nitta's motion to dismiss shows that the agreement was made between "David K. Nitta, trading as American Chick Sexing Association" and the plaintiff.
The plaintiff served American Chick Sexing Association under General Statutes § 33-411, entitled "Service of process on foreign corporation."[2]
CT Page 11208-B
Since David K. Nitta, trading as American Chick Sexing Association, is a nonresident individual, he should have been served pursuant to General Statutes § 52-59b, entitled "Jurisdiction of courts over nonresidents and foreign partnerships."[3]
Even were the court to find that service was properly had under Conn. Gen. Stat. § 52-59b, the action should be dismissed on the ground that the defendant's limited contact with the state of Connecticut satisfies neither the requirements of the long arm statute not the minimal contracts requirements of the Due Process Clause of the Constitution.
"It is essential . . . that reasonable notice be given and that an opportunity to participate in the proceeding be afforded to the persons whose rights may be affected." White-BowmanPlumbing Heating, Inc. v. Biafore, 182 Conn. 14, 17,437 A.2d 833 (1980). An attempt to serve a defendant under an inapplicable statute is "wholly ineffectual to satisfy this requirement." Id.
Although the plaintiff may have complied with the notice requirements of General Statutes § 33-411, "mere notice of an action is not sufficient to confer personal jurisdiction over a nonresident defendant." Goldstein v. Fischer, 200 Conn. 197,201, 510 A.2d 184 (1986). "Such jurisdiction over a nonresident requires statutory authorization." Id.
The defendant was improperly served as a foreign corporation rather than a nonresident individual. In this case there are no allegations or evidence of any other circumstances, and the contract itself provides that Pennsylvania law will govern the contract. Nothing in the record of this case suggests that the defendant's contact with the State of Connecticut satisfies the minimum contacts requirement. The plaintiff has failed to meet its burden of establishing facts upon which to assert jurisdiction.
Accordingly, this court grants the defendant's motion to dismiss due to lack of personal jurisdiction.
LEONARD W. DORSEY STATE TRIAL REFEREE CT Page 11208-C