[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTION TO DISMISS
On March 17, 1998, the defendant filed a motion to dismiss and an accompanying memorandum of law to dismiss the plaintiff's complaint on the grounds that the "Court lacks subject matter jurisdiction[1] to determine child custody and child support" and that the "Court lacks in personam jurisdiction[2] over any property subject to equitable distribution . . ." Motion To Dismiss, p. 1.
The plaintiff argues that jurisdiction exists over this dissolution matter because "he has resided continuously in this State for at least twelve months prior to the date of this Complaint." Complaint, count 1, ¶ 2.
Section 46b-44 of the General Statutes establishes a residency requirement, satisfaction of which is essential to confer . . . subject matter jurisdiction over a dissolution action." Charles v. Charles, 243 Conn. 255, 257, 701 A.2d 650
CT Page 7933 (1997). "In general, personal jurisdiction over the other party [to a marriage dissolution] is not necessary for actions involving the marriage itself . . . [the] domicile of at least one [party] for the twelve month period preceding the actual issuance of a dissolution decree is necessary." Pavlick v.Pavlick, Superior Court, judicial district of New London, Docket No. 523485 (February 5, 1993, Mihalakos, J.). See also Charlesv. Charles, supra, 243 Conn. 257.
"Issues over property distribution . . . require personal jurisdiction for property not in the state . . . over both parties . . . However, resolution of the issues viz a viz distribution of property is not required to be made until the final decree. The Court, therefore, can maintain [an] action for dissolution despite the added claims, i.e. property distribution." Pavlick v. Pavlick, supra, Superior Court, Docket No. 523485.
"For custody disputes, the prerequisites to jurisdiction over a nonresident defendant are set forth in General Statutes 46b-93." Goldstein v. Fischer, 200 Conn. 197, 201-02,510 A.2d 184 (1986). "General Statutes § 46b-93 states, in pertinent part, that under the Uniform Child Custody Jurisdiction Act: `A court of this state shall have jurisdiction to make a child custody determination . . . if: (1) This state (A) is the home state of the child at the time of commencement of the proceeding, or (B) had been the child's home state within six months before the commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody . . . or (2) it is in the best interests of the child that a court of this state assume jurisdiction because (A) the child and his parents . . . have a significant connection with this state, and (B) there is available in this state substantial evidence concerning the child's present or future care . . .'" Franz v. Franz, Superior Court, judicial district of Litchfield, Docket No. 071001 (September 3, 1997, Walsh, J.). Accordingly, the plaintiff's complaint fails to allege any facts which would bring the child at issue within the jurisdiction of this court.[3]
Furthermore, "[w]hile a long-arm statute may allow Connecticut courts to assert personal jurisdiction over a nonresident, such assertion of jurisdiction must still comply with the federal constitutional requirements of due process . . . All assertions . . . must be evaluated according to the CT Page 7934 minimum contacts test." (Citations omitted.) Cato v. Cato,27 Conn. App. 142, 147 n. 6, 605 A.2d 558, aff'd, 226 Conn. 1,626 A.2d 734 (1993). "[T]he test to be applied . . . is whether (1) the nonresident party has created a substantial connection to the forum state or otherwise invoking the benefits and protections of the laws of the state, and (2) the exercise of jurisdiction based on those minimum contacts would not offend traditional notions of fair play and substantial justice."Franz v. Franz, supra, Superior Court, Docket No. 071001. "Mere presence of the [jointly held] property within the state is probably insufficient to support jurisdiction over claims unrelated to the defendant's activities within the forum." (Internal quotation marks omitted.) Id.
Accordingly the complaint fails to state sufficient facts to satisfy the minimum contacts test concerning the issues of division of property, alimony or child custody and support. See, e.g., Jepson v. Jepson, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 156588 (April 29, 199, Tierney, J.) (4 Conn. Ops. 578) ("[T]raditional notions of fair play and substantial justice warrant the dismissal" of a dissolution action where insufficient contact between Connecticut and "relief relating to alimony, support, custody and visitation [which are] not within the jurisdiction of Connecticut . . ."[4] However, "[t]he defendant is free to file an an amendment to his complaint seeking a dissolution of marriage as his only claim for relief.")
Therefore, this court does have subject matter jurisdiction only over the marital residence. However, the court lacks jurisdiction concerning the issues of custody, alimony and support based on the foregoing discussion. Therefore, the defendant's motion to dismiss is granted.
By the court,
GILL, J.