## EMIL D. ANGHEL *v.* SAINT FRANCIS HOSPITAL AND MEDICAL CENTER
### (AC 30614)

Flynn, C. J., and Beach and Robinson, Js.

Argued September 8—officially released November 13, 2009*

*Emil D. Anghel*, pro se, the appellant (plaintiff).

*Jessica D. Meerbergen*, with whom, on the brief, was *Louis B. Blumenfeld*, for the appellee (defendant).

*Opinion*

PER CURIAM. The pro se plaintiff, Emil D. Anghel,[1] appeals from the summary judgment rendered by the trial court in favor of the defendant, Saint Francis Hospital and Medical Center. Having considered the respective arguments advanced by the parties, we note that no issues of material fact were in dispute and that the plaintiff's appeal of his original federal action was still

---

* November 13, 2009, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

[1] Where a layman appears pro se, the court follows a liberal policy and carefully considers a pro se party's claims as far as they are fairly presented upon the record to ensure that no injustice has been done to him under the law. See *Goldstein* v. *Fischer*, 200 Conn. 197, 198, 510 A.2d 184 (1986). Nevertheless, while the plaintiff is afforded this latitude, the court is equally cognizant that "the right of self-representation provides no attendant license not to comply with relevant rules of procedure and substantive law." (Internal quotation marks omitted.) *New Haven* v. *Bonner*, 272 Conn. 489, 498, 863 A.2d 680 (2005).

pending before the United States Court of Appeals for the Second Circuit at the time he brought the action in state court. Accordingly, we conclude that the plaintiff's reliance on General Statutes § 52-592[2] was premature.[3] The court properly granted the motion for summary judgment.

The judgment is affirmed.

---

[2] General Statutes § 52-592, the accidental failure of suit statute, provides in relevant part: "(a) If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, or because the action has been dismissed for want of jurisdiction, or the action has been otherwise avoided or defeated by the death of a party or for any matter of form; or if, in any such action after a verdict for the plaintiff, the judgment has been set aside, or if a judgment of nonsuit has been rendered or a judgment for the plaintiff reversed, the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment. . . .

"(d) The provisions of this section shall apply to . . . any action brought to the United States circuit or district court for the district of Connecticut which has been dismissed without trial upon its merits or because of lack of jurisdiction in such court. If such action is within the jurisdiction of any state court, the time for bringing the action to the state court shall commence from the date of dismissal in the United States court, or, if an appeal or writ of error has been taken from the dismissal, from the final determination of the appeal or writ of error. . . ."

[3] We take judicial notice that on October 6, 2009, the Second Circuit dismissed the plaintiff's federal appeal. That dismissal does not effect our analysis of the issues in the present case because it occurred after the trial court rendered summary judgment on the plaintiff's state claim.