## GAIL APRIL GREEN *v.* STEVEN J. DEFRANK*

Superior Court, Judicial District of Ansonia-Milford
File No. CV-10-5010649

Memorandum filed November 1, 2010

*Proceedings*

*Gail April Green*, pro se, the plaintiff.

*Steven J. DeFrank*, the defendant.

* Affirmed. *Green* v. *DeFrank*, 132 Conn. App. 331, 33 A.3d 754 (2011).

KEEGAN, J. The defendant, Steven J. DeFrank, has moved for summary judgment in this two count complaint brought by the plaintiff, Gail April Green. The defendant argues that there are no genuine issues of fact. The plaintiff, who is representing herself, has not filed a motion in opposition but did provide some documents to the court at the second scheduled argument on the matter.

"Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) *Rivers* v. *New Britain*, 288 Conn. 1, 10, 950 A.2d 1247 (2008). "A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like. . . ." Practice Book § 17-45.

"The courts hold the movant to a strict standard. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . . As the burden of proof is on the movant, the evidence must be viewed in the light most favorable to the opponent. . . . When documents submitted in support of a motion for summary judgment fail to establish that there is no genuine issue of material fact, the nonmoving party has no obligation to submit documents establishing the existence of such an issue. . . . Once the moving party has met its burden, however, the opposing party must present evidence that demonstrates the existence of some disputed factual

issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book § [17-45]." (Internal quotation marks omitted.) *Socha* v. *Bordeau*, 277 Conn. 579, 585–86, 893 A.2d 422 (2006).

"Although our courts are 'consistently . . . solicitous of the rights of pro se litigants,' the rules of practice cannot be ignored to the detriment of other parties." *Oakland Heights Mobile Park, Inc.* v. *Simon*, 36 Conn. App. 432, 436, 651 A.2d 281 (1994). "Where a layman appears pro se, the court follows a liberal policy and carefully considers the party's claims as far as they are fairly presented upon the record to ensure that no injustice has been done under the law. See *Goldstein* v. *Fischer*, 200 Conn. 197, 198, 510 A.2d 184 (1986). Nevertheless, while the self-represented individual is afforded this latitude, the court is equally cognizant that 'the right of self-representation provides no attendant license not to comply with relevant rules of procedure and substantive law.' *New Haven* v. *Bonner*, 272 Conn. 489, 498, 863 A.2d 680 (2005); see also *Rodriguez* v. *Mallory Battery Co.*, 188 Conn. 145, 150 n.8, 448 A.2d 829 (1982) (notwithstanding leniency accorded pro se litigants, 'we cannot, and will not, entirely disregard the established rules of procedure')." *Smith* v. *Williams-Denham*, Superior Court, judicial district of New Haven, Docket No. CV-08-5021773 (October 30, 2008) (*Keegan, J.*).

The plaintiff first filed her action in the small claims court. The defendant, pursuant to Practice Book § 24-21 (a) (2) (B), successfully moved the case to the Superior Court. The defendant was the plaintiff's third and final attorney in a workers' compensation case, which case was settled on August 8, 2006, for $35,000. The plaintiff's

complaint essentially alleges that the defendant converted funds due her under the settlement. She alleged that the 20 percent fee charged for attorney services was excessive and that he kept other moneys not due to him.

The defendant filed the instant motion for summary judgment, together with exhibits totaling eighty (80) pages. Said exhibits consisted of an affidavit by the defendant, detailing the history of the case and distribution of proceeds, as well as photocopies of letters, copies of checks cashed by the plaintiff, and a transcript from the hearing before the workers' compensation commissioner, among other documents.

The evidence put forth by the defendant establishes that in November, 2005, the plaintiff signed a retainer agreement with the defendant's law firm for representation before the workers' compensation commission. The defendant became her attorney of record for the workers' compensation case in early 2006. The defendant and his firm were the third attorneys to so represent the plaintiff on the matter. On August 8, 2006, the plaintiff settled her claim for $35,000. She was canvassed by the workers' compensation commissioner as to her understanding and acceptance of the settlement. The customary attorney's fee of 20 percent of the settlement amount was charged against the settlement, with that $7000 amount distributed among the three attorneys. The defendant further received a fee of $200 for his costs associated with his work on the file. The plaintiff received the balance by check, in the amount of $27,800.

While the plaintiff filed no written objection, she did provide to the court some copies of correspondence. Unfortunately, none of these documents raise a genuine issue of material fact but instead are irrelevant to the question of whether the defendant received any moneys

beyond that which he was entitled to for his representation of the plaintiff.

Once the moving party has established that there is no genuine issue of fact, the burden shifts to the nonmoving party to establish the existence of a disputed fact. This the plaintiff has not done. Accordingly, the motion for summary judgment as to the complaint is GRANTED.