EMIL D. ANGHEL *v.* SAINT FRANCIS
HOSPITAL AND MEDICAL CENTER
(AC 33004)

Robinson, Alvord and West Js.

Argued September 13—officially released October 25, 2011

*Emil D. Anghel*, pro se, the appellant (plaintiff).

*Jessica D. Meerbergen*, with whom, on the brief, was *Louis B. Blumenfeld*, for the appellee (defendant).

*Opinion*

PER CURIAM. The self-represented plaintiff, Emil D. Anghel, appeals from the judgment of the trial court granting the motion to dismiss of the defendant, Saint Francis Hospital and Medical Center. On appeal, the plaintiff contends that the trial court erred in determining that he did not provide a written opinion of a similar health care provider as required under General Statutes § 52-190a. We dismiss the appeal as moot.

The following facts and procedural history are relevant to the resolution of the plaintiff's claim. On December 5, 2001, the plaintiff sought treatment for anxiety and depression at the Clinic Annex to the defendant hospital. After an intake interview, the plaintiff was referred to the defendant's emergency department. The plaintiff filed an action in the United States District Court for the District of Connecticut, on May 15, 2003, alleging that he was mistreated during his stay at both

the Clinic Annex and the defendant's emergency department on December 5, 2001. That action was subsequently dismissed on October 22, 2007, based on a lack of subject matter jurisdiction. The plaintiff appealed the District Court's decision on November 26, 2007. While the plaintiff's appeal was pending before the United States Court of Appeals for the Second Circuit, the plaintiff filed a complaint in Connecticut Superior Court on October 8, 2008, based on the defendant's alleged mistreatment of the plaintiff. The plaintiff premised that action on General Statutes § 52-592, the accidental failure of suit statute.[1] On November 10, 2008, the defendant moved for summary judgment of the state court complaint on the basis that there was an appeal pending in federal court with the same parties and underlying facts. On December 1, 2008, the trial court granted the defendant's motion for summary judgment, determining that the plaintiff's reliance on § 52-592 was premature in light of the plaintiff's pending appeal in federal court. The trial court's decision was affirmed in *Anghel* v. *Saint Francis Hospital & Medical Center*, 118 Conn. App. 139, 982 A.2d 649 (2009), cert. denied, 294 Conn. 932, 986 A.2d 1055, cert. denied, 559 U.S. 1069, 130 S. Ct. 2111, 176 L. Ed. 2d 726 (2010). On October 6, 2009, the Second Circuit dismissed the plaintiff's appeal.

---

[1] General Statutes § 52-592 provides in relevant part: "(a) If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits . . . because the action has been dismissed for want of jurisdiction . . . the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment. . . .

"(d) The provisions of this section shall apply to any . . . action brought to the United States circuit or district court for the district of Connecticut which has been dismissed without trial upon its merits or because of lack of jurisdiction in such court. If such action is within the jurisdiction of any state court, the time for bringing the action to the state court shall commence from the date of dismissal in the United States court, or, if an appeal or writ of error has been taken from the dismissal, from the final determination of the appeal or writ of error."

The plaintiff filed the present action on September 17, 2010, again pursuant to § 52-592. The plaintiff's complaint asserted four claims: (1) cruel and unusual treatment, (2) medical malpractice, (3) pain, suffering, and emotional distress, and (4) violation of the plaintiff's constitutional rights. The plaintiff attached to his complaint a certificate of good faith, dated September 15, 2010, as well as a forensic psychiatrist's report, dated April 20, 2006.

On October 28, 2010, the defendant moved to dismiss the plaintiff's complaint due to the plaintiff's alleged failure to comply with § 52-190a.[2] The defendant noted that the plaintiff's action was premised on § 52-592, following the dismissal of the plaintiff's federal court action. The defendant argued, however, that when the plaintiff brought the action in federal court, he did not conduct the requisite inquiry to determine if there was a good faith basis on which to bring the action against the defendant as required under § 52-190a.

The defendant further argued that the complaint must be dismissed because the written opinion attached to the plaintiff's complaint was not one of a similar health care provider and, thus, did not comply with § 52-190a. The defendant argued that in order to comply with the statute, the plaintiff should have attached a written

---

[2] At the time the plaintiff filed his initial complaint in federal court in May, 2003, General Statutes (Rev. to 2003) § 52-190a (a) required a claimant or his attorney to make a "reasonable inquiry as permitted by the circumstances to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant. . . ." This provision required a complaint or initial pleading to include a certificate that the attorney or person filing the action performed such requisite inquiry. In order to comply with this provision, one could attach to the certificate of good faith a written opinion of a similar health care provider that there appeared to be evidence of negligence. Section 52-190a was subsequently amended in 2005 by Public Acts 2005, No. 05-275, § 2, thereby making it mandatory to attach to the certificate of good faith the written opinion of a similar health care provider.

opinion of an emergency medical physician and not a psychiatrist.

On November 15, 2010, the court granted the defendant's motion to dismiss. The court determined that the accidental failure of suit statute did not apply to the plaintiff's case because he had not made the requisite inquiry to determine if there were grounds for a good faith belief that the defendant was negligent, as required under § 52-190a, nor had the plaintiff attached a certificate of such inquiry when commencing his federal action. Furthermore, the court found that because the plaintiff had received treatment from emergency room personnel, the report from the psychiatrist was not that of a similar health care provider and, thus, did not meet the requirements of § 52-190a. This appeal followed.

The plaintiff claims that the trial court erred in determining that by attaching an opinion of a psychiatrist and not an emergency room physician, the plaintiff did not meet the requirements of § 52-190a because the opinion was not one of a similar health care provider. The defendant argues that the trial court's decision should be affirmed because the plaintiff did not challenge the court's finding that he did not make a reasonable inquiry to determine if there were grounds for a good faith belief that the defendant was negligent. We agree with the defendant and conclude that the plaintiff's claim is moot.

"Mootness is a question of justiciability that must be determined as a threshold matter because it implicates [a] court's subject matter jurisdiction . . . . Because courts are established to resolve actual controversies, before a claimed controversy is entitled to a resolution on the merits it must be justiciable. Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute . . . (2) that the interests of the parties be adverse . . . (3) that the

matter in controversy be capable of being adjudicated by judicial power . . . and (4) *that the determination of the controversy will result in practical relief to the complainant. . . . [I]t is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . .* In determining mootness, the dispositive question is whether a successful appeal would benefit the plaintiff or defendant in any way." (Citations omitted; emphasis in original; internal quotation marks omitted.) *In re Jorden R.*, 293 Conn. 539, 555–56, 979 A.2d 469 (2009).

The trial court cited two independent grounds for granting the defendant's motion to dismiss. The court found that the plaintiff had not obtained a written opinion of a similar health care provider because the plaintiff obtained an opinion from a psychiatrist rather than an emergency room physician. That basis of the decision is now on appeal. The court also determined, however, that the plaintiff could not use the accidental failure of suit statute to bring his state court claim because he had not made a reasonable inquiry to determine if there were grounds for a good faith belief that the defendant was negligent before initiating his federal action. The plaintiff did not appeal that basis of the trial court's decision. "[W]here alternative grounds found by the reviewing court and unchallenged on appeal would support the trial court's judgment, independent of some challenged ground, the challenged ground that forms the basis of the appeal is moot because the court on appeal could grant no practical relief to the complainant." (Internal quotation marks omitted.) *Horenian v. Washington*, 128 Conn. App. 91, 99, 15 A.3d 1194 (2011). Even if we were to conclude that the court improperly determined that the psychiatrist's opinion was not that of a similar health care provider, the unchallenged finding that the plaintiff did not perform the requisite inquiry

into whether there was a good faith basis to believe that the defendant was negligent would still stand as an alternative ground to dismiss the plaintiff's complaint. Accordingly, because we cannot grant the plaintiff any practical relief with respect to his claim, we dismiss the appeal as moot.

The appeal is dismissed.