******************************************************

The ''officially released'' date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the ''officially released'' date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# JOHN S. KAMINSKI *v.* SCOTT SEMPLE ET AL.
## (AC 42288)

Alvord, Moll and Norcott, Js.

*Syllabus*

The plaintiff inmate sought, inter alia, a declaratory judgment and injunctive relief in connection with the alleged failure of the defendant state employees to conduct a criminal investigation into abuse that he alleged had been inflicted on him by a correction officer. The defendants moved to dismiss the plaintiff's complaint on the ground that the trial court lacked subject matter jurisdiction because the plaintiff lacked standing to assert a claim that was based on the alleged failure to conduct a criminal investigation. The defendants also claimed that the plaintiff's claims were barred by sovereign immunity and statutory (§ 4-165) immunity. The trial court granted the defendants' motion to dismiss, concluding that the defendants were entitled to sovereign immunity and immunity pursuant to § 4-165, and that the plaintiff lacked standing as to his claim that the defendants failed to investigate the alleged abuse. The trial rendered judgment for the defendants, and the plaintiff appealed to this court, claiming, inter alia, that because he had sued all of the defendants in their individual capacities, the trial court improperly concluded that they were entitled to sovereign and statutory immunity. *Held* that the judgment of the trial court was affirmed in part and the appeal was dismissed in part as moot, the plaintiff on appeal having failed to challenge the trial court's determination that he lacked standing to raise certain of his claims as to certain defendants, and because the trial court's memorandum of decision fully addressed the arguments raised in this appeal, this court adopted the trial court's well reasoned decision as a proper statement of the relevant facts and the applicable law on the issues.

Argued December 5, 2019—officially released March 17, 2020

*Procedural History*

Action for a judgment declaring that the defendants hindered the plaintiff's ability to file a criminal complaint against them in violation of his civil rights and his right to due process, and for the establishment of reporting procedures for crimes against inmates, and for other relief, brought to the Superior Court in the judicial district of New Britain, where the court, *Morgan, J.*, granted the defendants' motion to dismiss and rendered judgment thereon, from which the plaintiff appealed to this court. *Appeal dismissed in part; affirmed in part.*

*John S. Kaminski*, self-represented, the appellant (plaintiff).

*Steven M. Barry*, assistant attorney general, with whom, on the brief, was *William Tong*, attorney general, for the appellees (defendants).

*Opinion*

PER CURIAM. The self-represented plaintiff, John S. Kaminski, appeals from the judgment of the trial court granting the defendants'[1] motion to dismiss on the grounds that the defendants, who are state employees, are entitled to sovereign immunity or statutory immunity pursuant to General Statutes § 4-165,[2] and that the plaintiff lacked standing to assert a claim that was based on the defendants' alleged failure to conduct a criminal investigation into the abuse he claimed had been inflicted on him by a correction officer. The plaintiff contends that, because all of the defendants were sued in their individual capacities, the court improperly concluded that the defendants were entitled to sovereign immunity and statutory immunity. We affirm the judgment of the trial court in part and dismiss the appeal in part as moot.

The following facts, as alleged in the plaintiff's complaint and viewed in the light most favorable to the plaintiff, are relevant to this appeal. On November 18, 2014, the plaintiff underwent spinal surgery. On November 20, 2014, the plaintiff was being transferred from John Dempsey Hospital at the University of Connecticut Health Center in Farmington, where the surgery took place, back to Osborn Correctional Institution in Somers, where he was incarcerated at the time. Prior to transport, "he was the victim of reckless endangerment [in the second degree in] violation of General Statutes [§] 53a-64, and [abuse in the first degree and abuse in the second degree] of the elderly in violation of General Statutes [§§] 53a-321 [and 53a-322, respectively]." Thereafter, the plaintiff was admitted to the Osborn Correctional Institution infirmary, where he spent six days before returning to the general inmate population.

On December 3, 2014, the plaintiff requested that the defendant Captain Jeanette Maldonado file a criminal complaint against the named correction officer, a Department of Correction (department) incident report, and a request to secure video footage concerning the alleged physical abuse. On December 12, 2014, unsatisfied with the response from Maldonado, the plaintiff contacted the state police. The state police subsequently interviewed the plaintiff on January 7, 2015. According to the plaintiff, no additional investigation was conducted as a result of this interview.

The plaintiff commenced this action by way of a writ of summons and complaint on February 1, 2017.[3] On January 26, 2018, the defendants moved to dismiss the plaintiff's complaint on the ground that the trial court lacked subject matter jurisdiction because (1) the plaintiff lacked standing to assert a claim that was based on the defendants' failure to conduct a criminal investigation and (2) his claims were barred by sovereign immunity and statutory immunity. The court, *Morgan, J.,*

heard argument concerning the motion on July 30, 2018.

On October 31, 2018, the court issued its memorandum of decision granting the defendants' motion to dismiss. To determine whether the action was brought against the defendants in their individual or official capacities, the court applied the four factor test set forth in *Spring* v. *Constantino*, 168 Conn. 563, 568, 362 A.2d 871 (1975), and concluded that the defendants had satisfied all criteria and, therefore, were sued in their official capacities. Accordingly, sovereign immunity applied, and the plaintiff's complaint was barred. The court further concluded that, to the extent that the defendants were each sued in their individual capacities, they were entitled to statutory immunity pursuant to § 4-165. Last, the court held that the plaintiff lacked standing to assert any claim of failure to conduct a criminal investigation because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." (Internal quotation marks omitted.) This appeal followed.

The trial court cited three independent grounds for granting the defendants' motion to dismiss: (1) sovereign immunity; (2) statutory immunity; and (3) lack of standing as to all defendants other than the defendant Commissioner of Correction Scott Semple. As to the issue of standing, the court stated that "[t]he plaintiff is not entitled to a criminal investigation of his complaint by the state's attorney or [the] police or to a prosecution if an investigation had taken place. Accordingly, the court lacks subject matter jurisdiction to adjudicate the plaintiff's claim against any of the defendants for failure to conduct a criminal investigation . . . ." The plaintiff does not address the issue of standing in his appellate brief or in his preliminary statement of issues. "[W]here alternative grounds found by the reviewing court and unchallenged on appeal would support the trial court's judgment, independent of some challenged ground, the challenged ground that forms the basis of the appeal is moot because the court on appeal could grant no practical relief to the complainant." (Internal quotation marks omitted.) *Anghel* v. *Saint Francis Hospital & Medical Center*, 131 Conn. App. 823, 828, 29 A.3d 179 (2011), cert. denied, 303 Conn. 929, 36 A.3d 240 (2012). Accordingly, because the plaintiff has failed to challenge the trial court's determination that he lacks standing, we cannot grant the plaintiff any practical relief with respect to his claims and, therefore, dismiss the appeal as moot as to the plaintiff's claims concerning the defendants Deputy Warden Gary Wright, Maldonado, Detective Sergeant Jay Gershowitz, Tolland State's Attorney Matthew C. Gedansky, Warden Edward Maldonado, and Captain Scott VanOundenhove. See *In re Jorden R.*, 293 Conn. 539, 556, 979 A.2d 469 (2009) ("[i]t is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the

determination of which no practical relief can follow" (emphasis omitted; internal quotation marks omitted)).

As to Commissioner Semple, our examination of the record on appeal and the briefs and arguments of the parties persuades us that the judgment of the trial court should be affirmed. The trial court's memorandum of decision fully addresses the arguments raised in the present appeal, and we adopt its concise and well reasoned decision as a proper statement of the relevant facts and applicable law on the issues presented here.[4] See *Kaminski* v. *Semple*, Superior Court, judicial district of New Britain, Docket No. CV-17-5018219-S (October 31, 2018) (reprinted at 196 Conn. App.     ,     A.3d     ). It serves no useful purpose for us to repeat the discussion contained therein. See *Furka* v. *Commissioner of Correction*, 21 Conn. App. 298, 299, 573 A.2d 358, cert. denied, 215 Conn. 810, 576 A.2d 539 (1990).

The appeal is dismissed as moot as to the plaintiff's claims concerning the failure to conduct a criminal investigation; the judgment is affirmed in all other respects.

[1] The defendants are Scott Semple, Commissioner of Correction; Deputy Warden Gary Wright; Captain Jeanette Maldonado; Jay Gershowitz, a deputy sergeant with the state police; Tolland State's Attorney Matthew C. Gedansky; Warden Edward Maldonado; and Captain Scott VanOundenhove.

[2] General Statutes § 4-165 provides in relevant part: "(a) No state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his or her duties or within the scope of his or her employment. Any person having a complaint for such damage or injury shall present it as a claim against the state under the provisions of this chapter. . . ."

[3] In his complaint, the plaintiff alleged the following: As to the defendant Commissioner of Correction Scott Semple, the plaintiff claims that Semple failed to report a felony after being made aware that the plaintiff was a victim of physical abuse and obstructed justice by failing (1) to establish a directive concerning reporting procedures and (2) to secure video evidence of the physical abuse.

As to the defendant Deputy Warden Gary Wright, the plaintiff claims that Wright obstructed justice by failing to initiate and to investigate an incident report concerning the physical abuse.

As to the defendant Captain Jeanette Maldonado, the plaintiff claims that Maldonado obstructed justice by failing (1) to take action concerning a complaint initiated by the plaintiff, (2) to secure video evidence of the physical abuse, and (3) to report a felony or initiate a departmental incident report.

As to the defendant Detective Sergeant Jay Gershowitz, the plaintiff claims that Gershowitz obstructed justice by failing to investigate the physical abuse against the plaintiff.

As to the defendant Tolland State's Attorney Matthew C. Gedansky, the plaintiff claims that Gedansky obstructed justice by failing to investigate and report a felony.

As to the defendant Warden Edward Maldonado, the plaintiff claims that Maldonado obstructed justice by failing (1) to protect the plaintiff from the physical abuse of correction officers by taking no action once he was fully informed of the physical abuse and (2) to secure video evidence of the physical abuse.

As to the defendant Captain Scott VanOundenhove, the plaintiff claims that VanOundenhove obstructed justice by failing to report a felony and to investigate the matter after he became aware that the plaintiff was a victim of physical abuse.

[4] We note that two of the cases cited in the court's memorandum of decision were overruled on other grounds. These cases are *Antinerella* v. *Rioux*, 229 Conn. 479, 642 A.2d 699 (1994), and *Shay* v. *Rossi*, 253 Conn. 134, 749 A.2d 1147 (2000). Both cases were overruled in part by *Miller* v.

*Egan*, 265 Conn. 301, 325, 828 A.2d 549 (2003), "to the extent that each of those cases holds that sovereign immunity does not bar monetary damages actions against state officials acting in excess of their statutory authority." Our Supreme Court's decision in *Miller* does not have an effect on the issues that were before the trial court because the trial court did not rely on *Antinerella* or *Shay* for the proposition that the plaintiff's claim for monetary damages in the present case was not barred. Instead, the court relied on the facts from those cases to determine whether the defendants acted outside the scope of their employment. We, therefore, conclude that our decision in the present case is unaffected by *Miller*.

———————————————